1831.

Steele
v.
White.

———————

STEELE and others *vs.* WHITE and others.

Where a person interested in a suit voluntarily compromises the same, without any fraud or imposition practiced upon him, he cannot be relieved from the compromise, although he shows it was not beneficial for him, or shows that he had the right to recover in the suit in point of law.

Where a party has released all his interest in a suit, he has no right to appeal from an order made therein which cannot prejudice him, although it may be wrong as against other parties.

An appeal cannot be sustained by a person who cannot be injured by the alleged error of the judge *a quo*, unless he is the legal representatives of a party who may be injured thereby.

July 19th.

THIS was an appeal by Charles Lydia White from an order of the vice chancellor of the first circuit, directing certain surplus monies paid to the clerk of the late equity court in that circuit, to be paid to the legatees of Charles White, deceased.　The money in court arose from the sale of certain real estate of C. White, under a mortgage foreclosure against his heirs and devisees. Lydia White, the widow and executrix of C. White, claimed the money on the ground that the estate mortgaged was either held in trust for her, or that she had a

valid claim against her husband, as his creditor under an antenuptial contract.   She filed a bill against the heirs and legatees of C. White, by the direction or permission of the equity court, to settle the rights of the several parties to the fund. That cause was at issue, and the parties had commenced taking testimony therein at the death of L. White.   A cross bill was also filed against her for a discovery, and also for an account of the estate of her late husband, which had come to her hands as executrix; which cross bill had been taken as confessed against her, for want of an answer, a short time previous to her death, and continued in that situation.   None of the suits having been revived, and no administration granted, either on her estate or on that of C. White after her death, and Isabella Steele, one of the children and legatees of C. White, having intermarried with R. Buloid, an agreement was entered into between Buloid and wife, and Thomas White and C. L. White, so far as related to their rights, to discontinue the controversy, and to distribute the fund according to the will of C. White.   A petition was thereupon prepared, setting forth these facts, and also, that J. Cockroft, the executor named in the will of L. White, but who had not proved the same, and who, together with C. L. White, were the only children and legatees of Lydia White, was satisfied with the arrangement, and would not oppose the application ; and praying that the money might be paid out of court to the petitioners accordingly.

This petition was presented to the vice chancellor of the first circuit, on the second Tuesday of February, 1831, but upon the request of the solicitor who filed the bill for Lydia White, who being in court, opposed the petition upon the ground that his costs had not been paid ; the hearing of the same was postponed until the then next motion day.   In the mean time C. L. White revoked the authority of the solicitor who presented the petition, and directed him not to present in his name.   The other petitioners then gave notice to C. L. White of presenting the petition on their own account, so far as related to their own rights under the compromise; and it was presented accordingly. The application was opposed by C. L. White's solicitor, but

the vice chancellor made an order for the payment of the fund in court to the petitioners, according to the compromise.

*W. Silliman.* for the appellant.

*T. Fessenden,* for the respondents.

THE CHANCELLOR. On examining the facts sworn to in the petition and in the affidavits presented to the vice chancellor for and against the application, I think there is no sufficient ground to justify a belief that Charles Lydia White was imposed upon, or defrauded in the compromise which was made between him and the other petitioners. Whether the compromise was a beneficial one to him, is not material to consider. In *Lewis* v. *Cooper & Flinn,* (Cook's R. 467,) the supreme court of errors and appeals in Tennessee decided that a party was bound by a compromise of a law suit; and could not be relieved in a court of equity, if there was no fraud, although he had agree to pay more than the law would have compelled him to pay. So far as the question of right was concerned in this case, both parties were upon an equal footing. The suit had been long pending, and C. L. White was a party thereto, and managed the suit for his mother. He therefore undoubtedly knew and understood the nature and extent of her claim. He did not then, neither does he now know what would have been the legal result of the suit if it had been continued.

In the petition and the affidavit annexed thereto, he swears that the estate of his mother was sufficient to pay all her debts and legacies, independent of the claim upon this fund; and he and Cockroft were her sole heirs, legatees and devisees. He subsequently swears that she left no property except her claim upon this fund, having distributed her property before her death; and that she was indebted to her solicitor for the costs in the suit. If the last affidavit contains the correct statement of the facts, it was a case in which her creditors had an interest, and perhaps the court ought not to have ordered the money to be paid out to the irresponsible brother without security to refund if her personal representatives revived and finally succeeded in the suit. But even in such a case, the compromise and agreement of

1831.

Steele
v.
White.

C. L. White was valid and binding on him, to the extent of his interest in the surplus after paying the debts of his mother and the expenses of administering her estate. He therefore has no interest in this question, and is not injured by the order from which he has appealed. Neither is he the legal representative of, or a trustee for the creditors of his mother, or for any other person whose rights are affected by the order. If the decision of the vice chancellor was right so far as the interest of the appellant was concerned the decree must be affirmed as to him, although the rights of other persons are violated.

If the creditors of Lydia White could not have appealed from this order, before administration was granted to a person competent to appeal and protect their rights, as to which I express no opinion, they probably might, under the particular circumstances of this case, have filed a bill and obtained an injunction to protect their rights. But whether they had any remedy or not, this court cannot sustain an appeal by a mere volunteer for their benefit. The case of *Reid* v. *Vanderheyden*, (5 Cowen's R. 719,) in the court of errors, is conclusive to show that an appeal cannot be sustained by a person who cannot possibly be injured by the alleged error of the judge *a quo ;* unless such person is the legal representative of a party who may be injured thereby.

The order of the vice chancellor, so far as it affects the interest of the appellant, is correct ; and it must be affirmed, with costs to be paid by him. And the appeal, so far as it seeks to review the decision of the vice chancellor, on the ground that the order injuriously affects the rights of others, not parties to this appeal, must be dismissed.