ANDREW G. HACKLEY v. ANTHONY S. HOPE, Appellant, and
JOSHUA BURT, Respondent.

ACTION FOR AN ACCOUNTING.   PRACTICE.   CODE OF PROCEDURE.   APPEAL;
PARTIES TO ; REQUISITES OF UNDERTAKING ON, TO STAY EXECUTION OF JUDGMENT.

As will be seen from the facts in this case as stated in the opinion, the con-
troversy in this court is not between the plaintiff and defendants, but
between the defendants themselves (who here sustain the relation of
appellant and respondent with regard to each other), to determine simply
the scope and effect of an appeal by the plaintiff now pending in the
court below, from a judgment affecting only the rights and interests of
the defendants, and not those of the plaintiff.   The novelty in the case is
found in the position and relation of the parties to this immediate contro-
versy, rather than in the principle enunciated by the court, which is,
substantially, that,—

Where a party has released all his interest in a suit, he has no right to
appeal from an order or decree made therein, which does not prejudice
him, although it may be wrong as to other parties. (*Steele* v. *White*,
2 Paige, 478.)   Hence,—

An appeal from an order or decree, brought by a party who has transferred
and released all his interest in the suit, though accompanied by the
undertaking required by section 335 of the Code, cannot operate to stay
the execution of the judgment as between other parties, who alone are
affected by such order or decree.

*A. G. Buell*, for the defendant Hope.

1. The question is, whether in an equity action where all
interested in the subject-matter of the action must be brought
in, and defendants are thus made actors in the action, execu-
tion of a judgment which distributes a fund among several
persons, cannot be stayed by the aggrieved party giving the
undertaking on appeal required by law.

2. Section 348 of the Code prescribes that appeals may
be taken from judgments entered on reports of referees to
the General Term, but that such appeal does not stay pro-
ceedings, unless security be given as upon an appeal to the
Court of Appeals.   Section 335 says, if the appeal be from a
judgment directing the payment of money, it shall not stay
execution unless a written undertaking be executed on the
part of the appellant, and the stay is complete.

3. What is to be stayed is clearly expressed by the same section. It is the execution of the judgment. There is nothing in the language of the section that confines the stay to a part of the judgment. All proceedings on the judgment are absolutely stayed. (*Britton* v. *Phillips*, 17 Abb. 33.)

4. Before the Code, an appeal from a vice-chancellor's decree by 2 Revised Statutes, 178, stayed all further proceedings upon the decree, and a bill of exceptions in an action at law had the same effect. (*Wilkes* v. *Henry*, 4 Sandf. Ch. 390; *Roosevelt* v. *Fulton*, 7 Cow. 107.)

5. In fact, were it attempted to be shown that a stay should be granted in this case without giving the security, precedents might be cited for the application. (*Quackenbush* v. *Leonard*, 10 Paige, 131; *Wright* v. *Miller*, 3 Barb. Ch. 382; *City Bank* v. *Bangs*, 4 Paige, 285.)

6. No case can be found reported which holds that an appeal duly perfected and undertaking filed, does not stay all proceedings under the judgment appealed from.

7. Section 282 of the Code provides that a judgment shall be a lien on real estate, but when a judgment is appealed from, and the undertaking given to stay proceedings as provided in the Code, the court, on motion, shall order an entry to be made on the docket of such judgment, "Secured on appeal," and thereupon during the pending of the appeal, it shall cease to be a lien.

8. If this order is affirmed, the law will be declared to be, that a third person to a controversy who stands in the position of stakeholder, must either pay the money directed to be paid by a judgment to that one of the litigants who succeeds in the court below, or take the responsibility and go to the expense of himself appealing from a judgment which does not aggrieve him, and give security. If he adopt the former alternative, he runs the risk of the reversal of the judgment and of having to pay the money twice; if the latter, he is drawn into a litigation in which he really has no interest. Or if he choose to be a knave, he has it in his power to defeat the ends of justice by complying with the terms of the judgment, although he may know it to be unjust.

*John T. Pingree*, for the defendant Burt.

1. The judgment being regular against Hope, and no appeal being brought by him from the judgment, the defendant Burt is regular in his execution.

2. There being no judgment against Hackley in favor of Burt, Hackley cannot appeal, nor does Hackley's giving an undertaking stay Burt's proceedings against Hope, any more than any stranger's would do.

3. Whatever may be the result of the appeal taken by Hackley, it can in no wise affect the interest of Hope with Burt, for this reason:

Hope had in his hands a conceded balance, in which Burt was entitled to one-third. Hackley claimed also one-third, which Hope denied.

Now the one-third going to Burt could not be increased or diminished, whether Hackley recovers one-third or not.

Burt could only take one-third, and this judgment in favor of Burt against Hope is for that one-third.

4. If it be claimed that there is a judgment against Hackley, it must be held to be in favor of Hope against Hackley.

The judgment recites: "It is ordered, adjudged and decreed, that there is nothing due to said plaintiff (Hackley) from the defendant Hope, in respect to the matters in difference."

If so, it is submitted that the rule is well settled, that a party who is aggrieved by one part of a judgment only, cannot, by appeal, call in question another part of the same judgment in which he is not interested. (See *Cuyler* v. *Moreland*, 6 Paige, 273.)

5. The motion should be denied with costs, together with an extra allowance.

MASON, J. This action was brought against the defendants for the settlement of partnership accounts, and a division of the funds among the partners, who had each a one-third interest. All of the funds of the copartnership were on the

hands of the defendant Hope. · The defendants, Hope and Burt, united in a joint answer, the defendant Hope admitting that there was a balance in his hands belonging to himself and the defendant Burt, and claiming that this plaintiff Hackley had been paid in full his share.

There was no pretense, upon the trial, that Burt had been paid his share, but the controversy was between the plaintiff, Hackley, and Hope and Burt the defendants. During the trial, Hackley and Hope settled and adjusted all their accounts in relation to the copartnership funds, and Hackley assigned and transferred all his interest in the concern to Hope; and this settlement and release, between Hope and Hackley, being put in evidence, the referee decided that Hackley of course was not entitled to any decree in his favor, and made a decree against Hope, in favor of Burt, for over $7,000. Hope has not appealed from this decree, but the plaintiff, Hackley, has, and gave the usual undertaking to stay all proceedings on the judgment. This appeal of Hackley, it now turns out is prosecuted for the benefit of Hope. The defendant Burt having issued an execution on his decree against Hope, he made a motion in Special Term to set the same aside, which was denied, and the defendant Hope appealed to the General Term, when the order of the Special Term was affirmed, and Hope again appealed, and the question is here presented whether Hackley's appeal from the whole judgment stayed all proceedings on Burt's decree against Hope; if so, then the execution which Burt has caused to be issued thereon, must be set aside. The rule in chancery is, that no one can appeal from an order or decree who is not injured thereby, and even a party who is aggrieved by one breach of a decree does not thereby acquire a right to call in question another portion of the decree, which has no bearing or effect upon his rights or interests. (*Cuyler* v. *Moreland*, 6 Paige, 273 ; *Idley* v. *Bowen*, 11 Wend. 227.)

And, where a party has released all his interests in a suit, he has no right to appeal from an order or decree made therein which does not prejudice him, although it may be wrong as to other parties. (*Steele* v. *White*, 2 Paige, 478.) Hackley

having transferred and released all his interest in the subject-matter of the litigation to the defendant Hope, and there being no decree personally against Hackley for costs, or any thing else, there is no ground upon which his appeal from the decree can by any contingency ever be successful. The defendant Hope, however, claims and inists that such appeal being perfected, and the proper undertaking to stay the judgment having been made by Hackley, it operates to stay all proceedings as to all parties, and that consequently Burt had no right to issue this execution against Hope.

This appeal of Hackley does not bring in review the decree which the defendant Burt has obtained against Hope; and this undertaking, which Hackley has given on his appeal, cannot, upon any just or reasonable construction of section 335 of the Code, be held to stay that judgment. The language of the section is: "If the appeal be from a judgment directing the payment of money, it shall not stay the execution of the judgment, unless a written undertaking be executed on the part of the appellant by at least two sureties, to the effect that, if the judgment appealed from, or any part thereof, be affirmed, or the appeal be dismissed, the appellant will pay the amount as to which the judgment shall be affirmed, if it be affirmed only in part, and all damages which shall be awarded against the appellant upon the appeal." (Code, § 335.) This appeal of Hackley's cannot be regarded as an appeal from the judgment which Burt obtained against Hope, and consequently the undertaking of Hackley cannot reach it, and upon no construction should it be held to stay the execution thereof. If the $2,000 which Hope paid to Hackley was due him on a just accounting, the effect probably would be to diminish the fund in Hope's hands to be divided between him and Burt, and it would follow that Burt's decree against Hope is too large.

If this is so, Hope should have appealed therefrom, and then it could have been corrected. Not having done so, he must suffer the consequences.

The order appealed from must be affirmed.

Affirmed.