The gross amount proceeds of the notes were one thousand nine hundred and twenty dollars and seventy-four cents. From which were deducted by the sheriff:

| | |
|---|---:|
| For auctioneer's fees, . . . . . . | $108 79 |
| Rent, . . . . . . . . . | 118 57 |
| Sheriff's bill, . . . . . . . . | 94 64 |
| Attorney's fees, . . . . . . . . | 100 00 |
| | $421 98 |

No special objection to any particular item was made, only the judge was requested to charge that no deduction could be made "beyond the legal poundage and fees of the sheriff." Therefore, if either or any part of either of the other items might properly be deducted, the objection fails.

In entering up the judgment no attorney's fees were included, and the judgment was not all collected, from insufficiency of property. It was entirely proper, then, to deduct a reasonable compensation for the attorneys; not entirely to be governed by the fee bill, but a sum proper as between attorney and client.

The judgment should, therefore, be affirmed, with costs.

All the judges concurred, except SMITH and HUNT, JJ., and except PORTER, J., not voting.

Judgment affirmed, with costs.

---

## HACKLEY v. HOPE.

### December, 1868.

After a sole plaintiff has assigned his interest in the subject of litigation to one of several defendants, and a decree has been made in favor of such defendant against the other defendant, an appeal cannot be maintained in the name of the plaintiff for the benefit of the unsuccessful defendant; and such an appeal with the usual undertaking to stay proceedings is not effectual to stay the execution of the decree.

Andrew J. Hackley brought an action against Anthony S. Hope and Joshua Burt, in the supreme court, for an accounting and settlement of partnership accounts, and a division of the funds

among the partners, who had each a one-third interest. . All of the funds of the copartnership were in the hands of the defendant Hope. The defendants, Hope and Burt, united in a joint answer, the defendant Hope admitting that there was a balance in his hands belonging to himself and defendant Burt, and claiming that Hackley had been paid in full his share.

There was no pretense, upon the trial, that Burt had been paid his share, but the controversy was between the plaintiff, Hackley, and Hope and Burt the defendants. During the trial, Hackley and Hope settled and adjusted all their accounts in relation to the copartnership funds, and Hackley assigned and transferred all his interest in the concern to Hope; and this settlement and release, between. Hope and Hackley, being put in evidence, the referee decided that Hackley of course was not entitled to any decree in his favor, and made a decree against Hope, in favor of Burt, for over seven thousand dollars. Hope has not appealed from this decree, but the plaintiff, Hackley, has, and gave the usual undertaking to stay all proceedings on the judgment. This appeal of Hackley, it now turns out is prosecuted for the benefit of Hope. The defendant Burt having issued an execution on his decree against Hope, he made a motion at special term to set the same aside, which was denied, and Hope appealed to the general term, when the order of the special term was affirmed, and Hope again appealed.

*R. Sewell* and *J. F. Pierce*, for defendant Hope.

*J. T. Pingree*, attorney for defendant Burt.

MASON, J. [After stating the facts as above.]—The question is here presented whether Hackley's appeal from the whole judgment stayed all proceedings on Burt's decree against Hope; if so, then the execution which Burt has caused to be issued thereon, must be set aside. The rule in chancery is, that no one can appeal from an order or decree who is not injured thereby, and even a party who is aggrieved by one branch of a decree does not thereby acquire a right to call in question another potion of the decree, which has no bearing or effect upon his rights or interests. Cuyler *v.* Moreland, 6 *Paige*, 273; Idley *v.* Bowen, 11 *Wend.* 227.

And, where a party has released all his interests in a suit, he has no right to appeal from an order or decree made therein which does not prejudice him, although it may be wrong as to other parties. Steele v. White, 2 *Paige*, 478. Hackley having transferred and released all his interest in the subject matter of the litigation to the defendant Hope, and there being no decree personally against Hackley for costs, or anything else, there is no ground upon which his appeal from the decree can by any contingency ever be successful. The defendant Hope, however, claims and insists that such appeal being perfected, and the proper undertaking to stay the judgment having been made by Hackley, it operates to stay all proceedings as to all parties, and that consequently Burt had no right to issue this execution against Hope.

This appeal of Hackley does not bring in review the decree which the defendant Burt has obtained against Hope; and this undertaking, which Hackley has given on his appeal, cannot, upon any just or reasonable construction of section 335 of the Code, be held to stay that judgment. The language of the section is: "If the appeal be from a judgment directing the payment of money, it shall not stay the execution of the judgment, unless a written undertaking be executed on the part of the appellant by at least two sureties, to the effect that, if the judgment appealed from, or any part thereof, be affirmed, or the appeal be dismissed, the appellant will pay the amount as to which the judgment shall be affirmed, if it be affirmed only in part, and all damages which shall be awarded against the appellant upon the appeal." *Code of Pro.* § 335. This appeal of Hackley's cannot be regarded as an appeal from the judgment which Burt obtained against Hope, and consequently the undertaking of Hackley cannot reach it, and upon no construction should it be held to stay the execution thereof. If the two thousand dollars which Hope paid to Hackley was due him on a just accounting, the effect probably would be to diminish the funds in Hope's hands to be divided between him and Burt, and it would follow that Burt's decree against Hope is too large.

If this is so, Hope should have appealed therefrom, and then

it could have been corrected. Not having done so, he must suffer the consequences.

The order appealed from must be affirmed.

CLERKE, J., expressed the same views.

A majority of the judges concurred.

Order affirmed, with costs.