# N. Y. COMMON PLEAS.

## WILLIAM KIEFER agt. DANIEL WINKENS, and wife.

Where the husband and wife executed a mortgage on real estate, and after the plaintiff who was the mortgagee, had commenced an action to foreclose the same, the husband went into bankruptcy, and obtained a discharge from his debts, and his assignee was made a party defendant who defended the action, and judgment was rendered against the defendants.

*Held,* that the husband and wife could appeal from the judgment, notwithstanding the wife had but an inchoate right of dower, and the husband had conveyed all his interest in the real estate to his assignee in bankruptcy, and there was no judgment against the husband for a deficiency.

How a wife by the common law was deprived or could dispose of her dower or estate, reviewed by counsel.

*General Term, May,* 1870.

THIS was a motion to dismiss the appeal brought by Daniel Winkens and wife. Daniel Winkens was the owner of real estate in fee-simple, and executed a mortgage to the plaintiff in this action. His wife released her right of dower. After suit had been commenced to foreclose the mortgage, Daniel Winkens went into bankruptcy, and afterwards obtained a discharge from his debts. His assignee was made a party defendant, and defended the action. Judgment was rendered in favor of the plaintiff against the defendants. The only defendants who appealed, were Daniel Winkens and wife.

C. BAINBRIDGE SMITH, *for the respondent.*

I. The Code of Procedure, § 323, declares that writs of error in civil actions, as they have heretofore existed, are abolished; and the only mode of reviewing a judgment or

order, in a civil action, shall be that prescribed by this title. Section 325 provides that, "any party aggrieved may appeal in the cases prescribed in this title." Under the law and practice which obtained before the Code, the defendant who sought to review a judgment in an action of this nature, would have had to *appeal* from the judgment to the chancellor, and from there to the court of errors. Hence, *writs of error, and not appeals,* were abolished.

In *Gormly* agt, *McIntosh,* (22 *Barb.,* 271,) the court held that "the appeal provided for by the Code, in respect to judgments or proceedings in common law actions, was intended to be, and is, a mere substitute for a writ of error, and in respect to equitable proceedings, it is such a proceeding as was before in practice by appeal from the vice-chancellor and chancellor's courts."

II. The defendant, Daniel Winkens, having conveyed the property in question, and all his interest therein, is not, and cannot be, *aggrieved* by the judgment. No principle was better settled under the former practice than that a party who had parted with his interest in the property affected by the judgment, could not appeal from the judgment. The question arose under the bankrupt law of 1841, but the principle had been long established and reported in the books before that act.

In *Steele* agt. *White,* (2 *Paige,* 478,) the chancellor, at *p.* 481, says: "The case of *Reid* agt. *Vanderheyden,* (5 *Cow.,* 719,) in the court of errors, is conclusive to show that an appeal cannot be sustained by a person who cannot possibly be injured by the alleged error of the judge, *a quo;* unless such person is the legal representative of a party who may be injured thereby."

In *Idley* agt. *Bowen,* (11 *Wend.,* 227,) the court of errors held that "though a party is interested at the commencement of the suit, he cannot prosecute an appeal after his interest has determined, although he is nearly related to an infant party for whose benefit the appeal is taken, but to

whom he sustains no legal relation." Mr. Justice SUTHER-
LAND, (at pp. 239, 240,) says. "That no person can com-
plain of, or overhaul, a decree by which he is not affected,
or aggrieved." The court cited Steele agt. White, (2 Paige,
478. (See Card agt. Bird, 10 Paige, 426.)

III. There is no provision in the Code allowing a married
woman to appear in an action, excepting in cases for divorce,
unless it affects her separate property. If she cannot ap-
pear in an action in a case like the one at bar, upon what
principle can she appeal from the judgment obtained in such
action? No costs can be awarded against her. Her in-
choate right of dower is not property. What, if by possi-
bility she succeeded in getting the judgment reversed, and
having awarded to her a new trial? What then, and how
could her inchoate right of dower be litigated, or be sold,
after the plaintiff had succeeded again in the court below.
(See Code of Procedure, § 114.)

1. Daniel Winkens does not appeal, on account of his
wife being a party and appellant, but appeals in his own
right.

2. An appeal is in the nature of an original or new ac-
tion. (McLarrin agt. Charrier, 5 Paige, 530 ; Pratt agt.
Allen, 19 How., 450, p. 456 ; Tindal agt. Jones, General
Term, 2d Dist., 11 Abb. Pr., 259 ; Enos agt. Hunter, 5
How., 366. Contra. Johnson agt. Yeomans, 8 How., 140;
Ranney agt. Stringer, Spec. Term, 4 Bos., 663 ; decided on 8
How., 140).

3. The summons in this action need not have been
served on the wife of the defendant, Daniel Winkens. She
is but a formal party. (See Eckerson agt. Vollner, 11 How.,
42; Leavitt agt. Conger, 1 Paige, 421; Ferguson agt.
Smith, 2 J. C. R., 139).

4. When the action affects the wife's separate property,
the husband is then merely a formal party. (Dyett agt.
North Am: Coal Co., 20 Wend., 570).

5. Under the former practice, and there has been no

change in it by the Code, a husband could not appeal where the action affected the wife's separate property. If he could not appeal in such case, by what principle can the wife in respect to her inchoate right to dower? (*Foster* agt. *Foster*, 7 *Paige*, 48).

6. The action at bar was upon a bond executed by the defendants, John J. Thomass and Daniel Winkens, to which Mrs. Winkens was not a party, and the mortgage sought to be foreclosed, is but an incident thereto. (2 *Greenl. Cruise*, 77, 78; *Spence Eq. Jur.*, 61, 607; *Clarke* agt. *Reyburn, U. S. C., Transcript, January* 19, 1870).

7. In a joint action by husband and wife for the recovery of land, no separate judgment can be given in favor of the wife and against the husband. (*Burton* agt. *Draper*, 5 *Duer*, 130).

IV. An inchoate right of dower is not of itself property. In *Moore* agt. *The Mayor*, (8 *N. Y. R.*, 110.) Judge GARDINER says: "It is not of itself property, the value of which can be estimated, but an inchoate right, which on the happening of certain events may be consummated, so as to entitle the widow to demand and receive a freehold estate, in the land, if she survived her husband."

This was held in a case where the corporation of the city of New York, made title to land under the act which "authorizes the supreme court, to make a just estimate of the damages to the respective owners, lessees, parties and persons respectively entitled unto or *interested* in the lands, tenements or hereditaments proposed to be taken," and the wife, after the death of her husband sued for the dower. (*Vide*: *Moore* agt. *The Mayor*, 8 *N. Y. R.*, 110; *Martin* agt. *Dwelly*, 6 *Wend.*, 9; *Matter of Central Park*, 16 *Abb.*, 56).

So, a surrogate's order directing the sale of real estate before the widow has had her dower assigned to her is valid, and deprives her of her dower. (*Lawrence* agt. *Brown*, 1 *Seld.*, 400).

V. When a wife executes in due form of law an instrument with her husband, releasing her right of dower to the land which he conveys, no power exists by which she can have it revoked. A careful examination of the question leads inevitably to that conclusion.

1. By the common law of England, the only mode by which a married woman could be deprived of her dower, or could dispose of her estate, was by levying a fine.

*Cruise on Real Property*, says: "If a woman joins her husband in levying a fine or suffering a common recovery, she will thereby effectually bar herself from dower out of the lands compromised in such fine or recovery. (1 *Cruise on Real Property*, 179, *Title VI. Dower, Ch.*, 5, § 9; 1 *Greenleaf's .Cruise, p.* 177, § 13; 2 *Sander's K.*, 42, *k*).

2. This proceeding against the wife was an absolute bar to her dower.

*Park on Dower* lays down the rule in that respect as follows: "A fine being an accommodation of a suit, and a concord being deemed to have the same force and effect as a judgment in a real action, it follows that a married woman must have been as effectually bound by a fine, as by a judgment in an adversary suit." (*Park on Dower, p.* 192; *Id.* 11 *Law Lib. p.* 192).

(*a.*) The wife was examined separate and apart from her husband in that proceeding. (*See* 4 *Kent. Com.*, § 59; *Albany Fire Ins. Co.* agt. *Bay* 4 *Comst. p.*, 13).

(*b.*) And the record was of so high and certain a nature that its authenticity was never permitted to be called in question. (5 *Cruise on Real Property*, 33, 34; *Title XXXV. Ch.*, 11 § 54; *And cases cited.*)

(*c.*) The effect of a fine by the laws of 1827 is equally conclusive. It was declared that "a fine so acknowledged, levied, proclaimed, published, signed and recorded as aforesaid, shall be a final end, and shall include not only the parties and privies thereto, but all other people of the world, except married women *not parties* to such fine, and

except such persons not parties to the said fine." (5 *Reviser's Notes, Chap.*, 5 *p.*, 257, § 19).

(*d.*) By the custom in London, a married woman might be barred of her dower without a fine and recovery. (*Park on Dower* says : "Thus in London a deed of bargain and sale by husband and wife acknowledged before the Lord Mayor or the recorder and one alderman, and upon which the wife is separately examined, and proclaimed and enrolled in the hustings court, shall bind as a fine at the common law." (*Park on Dower, p.*, 194 ; *Id. Law Lib. p., Id*).

(*e.*) So if a wife levied a fine as a *feme sole* without her husband, it will be good against her and her heirs, and she and her heirs *were estopped* by this fine to claim anything in the land, and cannot be permitted to say she was covert against the record. (*Albany Fire Ins. Co.*, agt. *Bay*, 4 *Comst.*, 20, *and the many cases cited; Ackerly* agt. *Vernon, Willes*, 160 ; *Needer* agt. *Bp. Winchester, Hob.* 225.)

3. "By our usage and laws we have substituted her deed for a conveyance in the place of the common law mode of by fine." (*Albany Life Ins. Co.*, agt. *Bay* 4 *Comst. p.* 9 *p.*, 14).

4. "The statute gives to her deed when duly acknowledged the same power as a *fine*." (*Martin* agt. *Dwelly*, 6 *Wend.*, 9; *Albany Fire Ins. Co.*, agt. *Bay*, 4 *Comst. p.*, 14 ; *Bool* agt. *Mix*, 17 *Wend.*, 119, 128; *Willard on Real Estate, and Con. p.*, 173; 4 *Kent's Com.*, 59).

5. Fines and recoveries were abolished by the Revised Statutes, and are also now as a method of alienating land, abolished in England. (1 *R. S.*, 738, § 136; 3 *and* 4 *Will., IV., C.* 74).

6. It is submitted that a married woman cannot by any action or proceeding revoke the conveyance releasing her dower after it has been made by her in due form of law.

7. No fraud is alleged or proved. (*Lambert on Dower*, 80 *citing*, 2 *Vern.*, 133).

OTTO MEYER, *for appellants, opposed.*

*By the court,* VAN BRUNT, J.—This action was commenced for the foreclosure of a mortgage upon certain premises of which the defendant, Daniel Winkens, was the owner.    Subsequently, but before any decree was entered in this action, the said Daniel Winkens conveyed all his right, title and interest therein to John Sedgwick, assignee in bankruptcy, and he was duly made a party defendant.    Such proceedings were had in the action that a decree of foreclosure and sale was entered in the action, from which the defendants, Winkens and wife, appealed to the general term of this court, and this motion is now made to dismiss that appeal, upon the ground that they had no interest to be protected by an appeal.    The only questions necessary to be considered on this application are, *First,* whether a party to a decree of foreclosure and sale, who had parted with his interest, subsequent to the commencement of proceedings, but prior to the entry of such decree, can appeal therefrom, and, *Second,* whether a wife who has only an inchoate right of dower, which is attempted to be foreclosed, can appeal?

Section 325 of the Code is very general in its terms.    It declares that "any party *aggrieved* may appeal in the cases prescribed in this title."    It has long been well settled, however, that a person having no interest in the subject matter in dispute cannot be a party litigant.    In the case now before us, therefore, Daniel Winkens, having parted with all his interest in the subject matter of the decree, by a conveyance to an assignee in bankruptcy, before the entry of the decree of foreclosure, was, for the purposes of this appeal, a mere stranger, uninterested in the event of the action.    His interest having ceased, he was not affected or "aggrieved" by such decree.    All power of appeal as to him ceased with such interest.    (*Reed* agt. *Vanderheyden,* 5 *Cow.,* 719.)

We now come to the consideration of the second question, whether Mrs. Winkens has a right to prosecute an

Kiefer agt. Winkens.

appeal because of her inchoate right of dower in the premises in question. We are clearly of the opinion that she has such a right. She was a necessary party to the action. Unless she was made such a party, her inchoate right of dower would have attached to the premises even in the hands of a purchaser under the decree in this action. In case a surplus should arise upon the sale of these premises, after payment of the amounts required to be paid by the decree herein, she could cause one third part thereof to be paid into court, to await the event of her husband's life; and in case she should survive her husband, she would be entitled, as long as she should live, to receive the income upon this one third of the surplus. How, then, can it be said that she has no interest in the event of this action? Mrs. Winkens is, therefore, as we have seen, a necessary party to the record, and the language of the Code is, "any party aggrieved may appeal." Now, if the appellants shall succeed, as in this application we may assume that they will, in showing, upon the hearing of the appeal that the referee erred in giving the judgment which he did, by which her inchoate right of dower is barred from ever attaching to the estate of her husband or that the referee has reported a greater sum due upon the mortgage than he should have done, by which the surplus arising upon the sale is diminished, the wife is certainly "aggrieved" by such judgment, and is entitled to have it reviewed by a higher tribunal.

Though, as we have seen, Daniel Winkens cannot appeal in his own right, yet as the subject matter affected by the decree from which the appeal is taken is not the separate property of the wife, and as she cannot by herself appeal, her husband has properly joined in the appeal taken on her behalf.

The motion to dismiss the appeal must be denied.