WASHINGTON E. CONNER, Respondent, *against* WILLIAM BELDEN *et al.* Appellants.

(Decided April 7th, 1879.)

Parties to an action will not be relieved by the court from the effects of a stipulation made therein when the facts on which such relief is asked were known to all parties at the time of making the stipulation.

A receiver cannot appeal from an order removing him, unless he is a party to the action in which he is appointed.

In an action for the dissolution of a partnership, a stipulation was made by the plaintiff and defendants, consenting to a decree of dissolution and the appointment of the plaintiff and one of the defendants as joint receivers, and they were appointed accordingly. Subsequently, the plaintiff made an application to have a new receiver appointed in their place, and it was *held*, that the mere fact that the two joint receivers were not able to agree as to the manner in which the trust should be managed, on account of incompatibility of temper and of their conflicting interests, was no ground for relieving the plaintiff from the effect of his stipulation when it did not appear that the fund was in danger.

APPEAL by the defendants from an order of this court.
VOL. VIII.—17

made at special term, removing two joint receivers and appointing a new one.

The plaintiff, Washington E. Conner, and the defendants, William Belden, Charles D. Belden and Henry Belden, Jr., composed the firm of William Belden & Co., with Jay Gould as special partner. The copartnership was formed on March 15th, 1877, for the purpose of dealing in gold, stocks, bonds and other securities. On January 8th, 1879, this action was commenced by Conner, to obtain the dissolution of the partnership, an accounting and a receiver of the firm's assets, on the ground, principally, that the Beldens intended to effect the transfer of the firm's securities (then pledged to different parties upon loans for the individual account of William Belden) to Henry Belden, Jr., against the will of the plaintiff and of Gould; and that the firm transactions are not correctly entered upon the firm books; and that the copartnership moneys have been drawn out and placed beyond the control of the copartnership.

On January 11th, 1879, all the copartners agreed upon and signed a stipulation that judgment should be entered dissolving the firm, appointing Henry Belden, Jr., and the plaintiff, Conner, receivers, without fees; giving the receivers custody of all books and assets; providing for the deposit of the assets in the Fourth National Bank, and providing for the appointment of a referee, &c.

Subsequently, the plaintiff made a motion to have Henry Belden, Jr., removed from his position as one of the receivers. The motion was made on the ground that Henry Belden, Jr., was acting in the interest of William Belden, who claimed as his own certain securities which it was alleged belonged to the firm; that he was a person of small means; that he was concealing the books of the firm, and on various other grounds.

On the hearing of this motion the plaintiff consented that he should himself be removed from his office of receiver and a single receiver appointed. The court, without deciding as to whether the charges made against Henry Belden, Jr., were sustained, removed both receivers and appointed a new

one, on the ground that on account of the differences that existed between them joint action on their part would be impossible, and that continued applications to the court and incessant dispute and vexation on trifling subjects were to be anticipated, because of the interference of their personal interests with their official character. The court also said:

"Under ordinary circumstances, parties would not be relieved from the consequences of stipulations by which they adjusted their litigations. Where such stipulations, however, involve the appointment of a receiver, the control of the court over its officer and the administration of his trust are not taken away; and where the arrangement made between the parties for the execution of such trust is one which is practically powerless to carry out the objects of the receivership and secure the proper performance of its duties, there should be no hesitation about substituting an effective for an ineffective agency. I regard it proper, in view of the impossibility of joint action by the two receivers, to direct that they be removed and a single receiver, indifferent between all the parties to the dispute, appointed in place of them."

Henry Belden, Jr., and the defendants appealed from the order.

*Thomas G. Shearman*, for appellant.

*A. J. Vanderpoel* and *Almon Goodwin*, for respondent.

VAN HOESEN, J.—The holding of a receiver is the holding of the court, and he has no right to ask for a review of the order removing him any more than a stranger to the cause. (Edwards on Rec. 12; Van Santvoord's Eq. Pr. 375.) The parties to the cause have, however, a right to be heard upon any application for the appointment or the removal of a receiver. Their property is at stake, and they have an interest in the selection of its custodian.

Conner and Henry Belden were appointed co-receivers by consent of all parties, and they have been removed upon

the application of the plaintiff alone. The charges made by Conner against Henry Belden were partly frivolous, and partly unsustained. No importance is to be attached to any accusation the grounds of which were fully known to Conner at the time he executed the consent. If Henry thought that William Belden's pretensions were well-founded, he is guilty of no breach of duty in adhering to his views after his appointment. If he is poor, Conner, who had been his partner, knew the fact, and ought to have required security to be given. If Henry did not think it judicious to hire a new office, I see no reason why he should surrender his judgment to Conner. I think that the charge that Belden is concealing books of the firm is not sustained. With respect to the alleged indebtedness of William Belden to the firm, Conner's path was plain and unobstructed; William was a party to the suit, and could have been, and may now be, compelled to pay over to the receivers any assets which belong to the firm and which he wrongfully withholds. A reference and an attachment will afford complete relief. (*Parker* v. *Browning,* 8 Paige, 389.) If a receiver wilfully refuses to avail himself of the process of the court, that might be good ground for removing him, but not for removing anybody else.

We have before us a case in which the sole ground on which the removal was ordered was incompatibility of temper between the two receivers. Back of that lay their conflicting interests, which made them personally hostile to each other. Their personal quarrels are of no consequence to the court. If the estate is not to suffer through their strife they ought not to have been removed. The sole object of the receivership is to protect and properly distribute the partnership funds, and the only sufficient cause for removing a receiver is loss or danger of loss to the fund. Contumacy or contempt would, of course, be punished by removal, but the court would act of its own motion in such a matter. There was nothing shown to warrant the belief that the assets have been, or are likely to be, wasted or misapplied by Henry Belden, and there was not, in my opinion, any cause for his

removal. The discretion of the court is not an arbitrary or capricious discretion. Where, as in this case, the parties defendant consented to the judgment of dissolution and to the appointment of two co-receivers, of whom a defendant was one, it must be assumed that a part at least of the inducement to such consent was that the expense of an ordinary receivership might be saved, and that each party might have a hand and a voice in the winding up of the business. The defendants ought not to be deprived of those advantages without cause. I think the order removing Henry Belden should be reversed, but as it seems that Conner consented to his own removal in order to compass Henry's displacement, and that that was his only object in expressing a willingness to give up his place, I deem it best to restore both parties to the position in which they stood before the order was made. They will then be in the position in which they agreed to stand, and to which by their stipulation they induced the court to appoint them.

The order should be reversed, with costs and disbursements of printing to be paid by the plaintiff.

CHARLES P. DALY, Ch. J., concurred.

Ordered accordingly.