GEORGE E. HYATT, as Receiver, etc., Respondent, v. WILLIAM W. DUSENBURY et al., Appellants.

*Court of Appeals, June 28, 1887.*

*Appeal. When aggrieved.*—Where none of the appellants will be benefited by the reversal of the judgment appealed from, they are not aggrieved by the judgment, cannot appeal therefrom, and their appeal, if taken, will be dismissed.

See note at end of case.

*A. Walker Otis,* for the motion.

*Moody B. Smith,* opposed.

PER CURIAM.—The conveyances, second mortgage, and the assignment thereof, were all valid as between the parties thereto. Hence, in case this judgment could be reversed, and this plaintiff defeated, the surplus money which has been paid to him would belong to William W. Dusenbury as administrator and would have to be refunded to him. None of these defendants would be entitled to one cent thereof. Therefore they have no interest in this appeal. They are not aggrieved by the judgment and cannot appeal therefrom. Code, § 1294. William W. Dusenbury, as administrator, is the only person interested in prosecuting the the appeal, and he has not appealed, and is so bound by his stipulation that he cannot appeal.

The motion to dismiss the appeal should therefore be granted with costs.

All concur.

POINT ON RIGHT TO APPEAL.

The parties to an action, who are entitled to appeal from a judgment or order therein, are designated by § 1294 of the Code. The right of a person, not a party to the action, to appeal from a determination made therein, is prescribed by § 1296 of the Code.

These two sections read as follows :

§ 1294. A party aggrieved may appeal, in a case prescribed in this chapter, except where the judgment or order, of which he complains, was rendered or made upon his default.

§ 1296. A person aggrieved, who is not a party, but is entitled by law to be substituted, in place of a party ; or who has acquired, since the making of the order, or the rendering of the judgment appealed from, an interest, which would have entitled him to be so substituted, if it had been previously acquired, may also appeal, as prescribed in this chapter, for an appeal by a party. But the appeal cannot be heard until he has been substituted in place of the party ; and if he unreasonably neglects to procure an order of substitution the appeal may be dismissed, upon motion of the respondent.

*Who cannot appeal.*—No one but a party to the record can appeal from the judgment. Martin v. Kanouse, 2 Abb. 390.

Where a party has been brought in by amendment, subsequently to the commencement of the action, he has no right to appeal from a prior order in the suit. Grant v. Hubbell, 2 J. & Sp. 224.

In ex parte Bristol, 16 Abb. 397, it was held that, though a stranger may be allowed to apply for relief against the proceedings between other parties, he has no right to appeal from an order denying his application.

No appeal can be prosecuted in the name of a party against whom a final decree has been made, where he sells his right to the subject matter of the suit. Mills v. Hoag, 7 Paige, 18; Kelly v. Israel, 11 Id. 147 ; Hackley v. Hope, 4 Keyes, 123 ; 2 Abb. Ct. Ap. Dec. 298.

A party who has parted with his interest, during the pendency of the action cannot appeal from the judgment ; but, if his wife has an inchoate right of dower in the subject matter of the suit, he may join with her in an appeal. Kiefer v. Winkens, 3 Daly, 191 ; 39 How. 176.

In Conner v. Belden, 8 Daly, 257, it was held that a receiver cannot appeal from an order removing him, unless he is a party to the suit in which he is appointed.

In E. B. v. E. C. B., 28 Barb. 299, it was held that, where an action is brought against a married infant by her husband to dissolve the marriage contract on the grounds of impotence, the mother of the defendant has no interest in the matter which will allow her to intervene, become a party to the litigation and appeal to the general term ; especially after a guardian *ad litem* has been appointed for the infant.

In Goldsmith v. Goldsmith, 11 W. Dig. 551, an action was brought for divorce on the ground of adultery. The defendant appeared, but did not answer ; and on the reference to take proof, he appeared by counsel, cross-examined the witnesses, took and filed exceptions to the referee's report, and, on the motion to confirm the report, was fully heard. Judgment was granted, and the defendant appealed. A motion was made to dismiss the appeal, and it was held that the case fell within § 1294 of the Code, which cuts off the right of appeal where a judgment is rendered by default.

In Marvin v. Marvin, 11 Abb. N. S. 97, it was held that legatees may intervene in the proceedings for the probate of a will before the surrogate, and upon an appeal from his order ; but if they do not intervene, and a final judgment is rendered declaring the invalidity of the instrument propounded as a will, they cease to be interested parties, and cannot appeal from an order of the surrogate, directing the annulment of the record, awarding costs against the executor and requiring him to file an inventory of the intestate's effects which have come into his hands. The executor then represents them, and they are bound by his acts.

In People ex rel. Steingoetter v. The Board of Canvassers of Erie Co., 50 Hun, 601, the relator and one Bishop were opposing candidates for election to the office of County Treasurer of Erie County. The county canvassers made two statements of the votes cast in the election district. A writ of mandamus was issued directing the canvassers to adopt and include the last statement in the canvass, and this was done by the board. The motion for the writ was brought to a hearing upon an order to show cause, and, at the hearing, the counsel for Bishop stated to the court that, as the opposing candidate for the office of county treasurer, he was interested in the motion and desired to be heard and was allowed to appear and be heard by the court. Bishop appealed from the order directing the writ to issue, and, as the relator's attorney refused to recognize his right to appeal, a motion on Bishop's behalf was made for an order to the effect that he appeared in, and was made a party to, the proceeding. This motion was denied. And it was held that his appeal cannot be supported unless he may be treated as a party to the proceeding; and he, as a matter of right, was not entitled to be made or substituted as a party defendant. Nor does he come within the provision of § 1296 of the Code which provides that a person aggrieved who is not a party, but is entitled by law to be substituted in place of a party, may appeal, though his appeal cannot be heard until he is so substituted.

In Hoag v. Hatch, 52 Hun, 615, in an action to foreclose a mortgage, executed by one defendant alone, to secure a bond executed by both defendants, who were husband and wife, the special term struck out the wife's answer as sham and directed judgment thereon as frivolous, and judgment was entered upon the order and the premises sold. The wife took an appeal from the judgment which was affirmed. Afterward the husband, who did not execute the mortgage, appealed from the order striking out

his wife's answer, and a motion was made to dismiss the appeal. And it was held that his appeal should be dismissed, for the reason that he had no interest in the mortgaged premises, and it was not shown that any deficiency remained on the debt for which he was bound after applying the proceeds of the mortgage sale.

The rule in chancery was, that no one can appeal from an order or decree who is not injured thereby, and even a party who is aggrieved by one portion of a decree does not thereby acquire a right to call in question another portion thereof, which has no bearing or effect upon his rights or interests. Hackley *v.* Hope, *ante;* Cuyler *v.* Moreland, 6 Paige, 273; Idley *v.* Bowen, 11 Wend. 227.

In the case first above cited, it was held that, where a party has released all his interest in a suit, he has no right to appeal from an order or decree made therein, which does not prejudice him, though it may be wrong as to other parties. See Steele *v.* White, 2 Paige, 478.

In Matter of Watson *v.* Nelson, 69 N. Y. 536, an executor was committed to the county jail by virtue of a warrant of commitment issued by a surrogate upon an order adjudging said executor in contempt for disobedience of a final decree, directing him to pay over a specified sum to various parties named therein. He was discharged by order of a justice of the supreme court in proceedings on *habeas corpus,* and the general term, on writ of *certiorari,* affirmed the proceedings. On appeal to the court of appeals, and motion to dismiss the appeal, it was held that one of the parties named in the surrogate's decree as entitled to a portion of the sum, who was not named in the writ of *certiorari,* had no such standing in the proceedings as to entitle her to appeal to this court.

In Ross *v.* Wigg, 100 N. Y. 243, an attachment and order of arrest were issued and executed. The defendant obtained an order to show cause why they should not be vacated, the motion was denied, and defendant appealed from the order. Before such appeal, other creditors obtained a judgment against defendant, supplementary proceedings were instituted, and a./ receiver appointed. Subsequently the appeal from the order was argued, defendant offered judgment and stipulated that an order should be entered · dismissing the appeal, and an *ex parte* order to that effect was entered. Notwithstanding this, the general term affirmed the order appealed from, and the order of affirmance was entered by the receiver; and the defendant's attorney appealed therefrom in defendant's name to the court of appeals, and moved to substitute the receiver as defendant. And it was held that the receiver was not entitled to appeal or be substituted. He is not an aggrieved party. He is in no way bound or affected by the order from which he has brought the appeal. That order simply affirmed an order previously made to which he was not a party. The fact that it may remotely or contingently affect interests which he represents, does not give him a right to appeal. Before a person can be said to be aggrieved within the meaning of § 1296 of the Code by an adjudication, it must have binding

force against his rights, his person or his property. But before one, not a party, can claim the right to appeal, he must not only be aggrieved, but he must be entitled to be substituted in the place of a party who has a right to appeal.

In Platt *v.* Platt, 105 N. Y. 488, after a sale in a partition suit, a referee was appointed to take proof of the interests and rights of the several parties and claimants in the fund. The referee reported, and exceptions were taken by some of the parties to the report of the referee, so far as it related to a certain claim. The exceptions were overruled, and the report confirmed by the special term; and the order was affirmed on appeal to the general term. On appeal to the court of appeals, it was held that the parties, who had not filed exceptions or appealed to the general term, had no right to appeal to this court.

In People *ex rel.* Breslin *v.* Lawrence, 107 N. Y. 607, the relator was arrested by virtue of a warrant issued by a police justice of the city of New York, charging the violation of the excise law, and was, upon *habeas corpus* before Judge LAWRENCE, remanded to custody. On application of the prisoner, the general term allowed a writ of *certiorari*, directed to defendant requiring him to return to that court the record of the *habeas corpus* proceedings. Upon his doing so, the prisoner was ordered to be discharged from custody. A notice of appeal was then served upon the relator's attorney, stating that "Abraham R. Lawrence, one of the justices of the supreme court, appeals to the court of appeals from the order of the general term," above described. And it was held that said justice was not the proper person to take an appeal to this court; that the decision affected no substantial right of his within the meaning of § 519 of the Code of Criminal Procedure, or of any person of whom he was the legal representative or agent. After deciding that the relator was not illegally detained in custody, he had no further duty to perform. He was no more bound to see that the relator was kept in custody than any other citizen. He was not hindered by the order appealed from in the discharge of any duty, or the exercise of any power, conferred upon him by law, and, therefore, had no more interest or right to appeal than any judge whose decision has been interfered with or reversed. But it seems that the appeal, in such case, should be taken "in the name of the People" by the attorney-general or a district attorney.

In Hooper *v.* Beecher, 109 N. Y. 609, appeals were taken from the judgment in this action, and from two orders of the general term, one denying a motion for reargument, and the other modifying a previous order of the general term granting costs against the defendants and making the costs payable out of a fund in the hands of one of the defendants. Motions were made by plaintiffs to dismiss the appeals, and it was held that, as the order of the general term modifying its previous order and making the payment of costs a lien upon the funds in the hands of one of the appellants was granted upon the appellants' own motion, they could not appeal

therefrom. They thereby obtained the precise relief for which they had made application. A party, in whose favor a judgment is entered or an order made, cannot be aggrieved by it, and he is, therefore, in no position to claim the right of appeal.

In Foster v. Foster, 7 Paige, 48, it was held that, where a wife appeals from the decision of a surrogate admitting a will to probate, which is affirmed, the husband cannot appeal from the decree of affirmance, without joining his wife.

*Who can appeal.*—A purchaser at an administrator's sale may appeal from a surrogate's order setting it aside, as he has an inchoate right which entitles him to a hearing. Delaplaine v. Lawrence, 10 Paige, 602.

So a purchaser at foreclosure sale may appeal from an order setting it aside. Mortimer v. Nash, 17 Abb. 229 n.

In Wells v. Danforth, 1 Code N. S. 415, it was held that an appeal lies, notwithstanding a payment of the judgment, unless such payment was made by way of settlement.

In Vandemark v. Vandemark, 26 Barb. 416, it was held that a devisee or legatee may appeal from an order of the surrogate, admitting a will to probate, notwithstanding he was one of the persons who presented the will to the surrogate, and petitioned for its probate.

In Landers v. Fisher, 24 Hun, 648, a party to whom another has been enjoined from paying money was held to be entitled to appeal from the injunction order, as he was the party aggrieved.

In Kelsey v. Pfaudler Process Co., 19 Abb. N. C. 427, a corporation was adjudged to be dissolved, and, from such judgment, appealed. A motion to dismiss the appeal was made, and it was held that a corporation aggrieved by a judgment declaring it to be dissolved, is no exception to the rule that every party litigant has the right to appeal from a judgment by which he is aggrieved. It has sufficient existence to appeal. It not only may appeal from the judgment, but from an order based upon the judgment or growing out of proceedings taken to enforce or execute it.

In Babcock v. Arkenburgh, 42 Hun, 660, the attorneys for all the parties in the action, with the exception of a single defendant who appeared in person, signed a stipulation providing for the payment, out of a certain fund, of the disbursements taxed and included in a judgment entered in an action, and also for the payment of the costs of an appeal taken to the court of appeals from the order of the general term. Upon the refusal of the one defendant to sign the stipulation, a motion was made for an order according to the terms of such stipulation, which was granted, and from this order an appeal was taken to the general term. Upon the hearing of the motion at the special term some of the parties who were represented by an attorney, appeared and with the defendant opposed the motion. On the hearing of the appeal, at general term, it was claimed that the parties who were represented in the action could not be appellants in person. But it was held that they are in hostility to their attorney, who signed the

stipulation mentioned, and may, therefore, properly appear, as to this proceeding, in person and appeal in the same way; and that the court would not, under the circumstances, decline to hear and dispose of the appeal.

In Sanford v. Sanford, 58 N. Y. 67, the defendant, after the recovery of judgment and an appeal to the general term, was declared a bankrupt on his own application. The plaintiff proceeded and obtained a judgment of affirmance and for the costs of the appeal. From that judgment the defendant appealed to the court of appeals, and plaintiff moved to dismiss the appeal on the ground that it can only be prosecuted by the assignee in bankruptcy. And it was held that the judgment debtor has a sufficient interest in the judgment of affirmance to sustain an appeal therefrom by him to this court. The judgment of affirmance appealed from contains also a judgment against the bankrupt for the costs of the appeal incurred after the bankruptcy. These costs would not be provable against the bankrupt's estate, and his liability therefor would, consequently, not be affected by the discharge should he obtain one, and, as to the recovery for these costs, the assignee has no interest. Where the bankrupt is seeking to maintain a right to property, which right, if existing, has passed to the assignee, the latter is the proper party to prosecute the action or appeal. And when the former is seeking to prevent the establishment of a claim against himself, the assignee, in the interest of creditors, may well be allowed to intervene in order to exclude claims which, if established, might be entitled to dividends. But, in the latter case, the bankrupt also has an interest sufficient to entitle him to maintain an appeal. He may never obtain a discharge, and then the erroneous judgment will be a charge upon him.

In Attorney-General v. North America Life Ins. Co., 77 N. Y. 297, proceedings were instituted by the attorney-general for the appointment of a receiver of a life insurance company, pursuant to the act of 1869, and an order was made therein at a special term permitting the attorneys for a policy holder and any person similarly situated to appear in all motions and proceedings in the action. Prior to the making of this order, a receiver had been appointed. And it was held that it was competent for the court, in the exercise of its equitable jurisdiction, to permit parties, interested in the administration of the property and assets of the corporation, to appear and be made parties to proceedings taken by or against the receiver, by which their rights might be affected; and that this right to appear and become parties to such proceedings included the right to appeal from orders made affecting their interests.

In Bockes v. Hathorn, 78 N. Y. 222, the plaintiff, as trustee, brought a suit to foreclose the trust mortgage. There were two co-trustees, one refused to begin, the other to continue, as plaintiff ; and they were made defendants. An issue was tried as to the validity of certain bonds and coupons which were in the hands of corporations or persons, and as whether they were entitled to share in the trust fund ; and the referee ad-

31

judged that they were not valid and disallowed their amount. From the judgment entered on the report of the referee, an appeal was taken in the name of the trustee, who was the sole plaintiff. This was allowed by an order of the court to be done in his name by others ; and from that order an appeal was taken to the court of appeals, and it was held that, as the plaintiff was a trustee of a fund for the security of an indebtedness to others, he was aggrieved by a judgment which reduces the number of those who are interested in it. It is his duty to protect the fund from unfounded claims upon it ; and he is not aggrieved when an unreal claim has been defeated. It is his duty also to protect and assist real claimants in reaching their due share of the fund. And it is his duty, when he has sued for an enforcement of the general indebtedness, to see that the aggregate adjudged is large enough to cover all the claims that really exist, and to see that no real claimant is adjudged to be without right ; and he is aggrieved when a real claim is not added into the amount adjudged to be due, and a real claimant is shut out by the judgment from a share in the proceeds of it.

And it was also held that the plaintiff in such an action may, and it is his duty in a proper case, to permit his name to be used by a *cestui que* trust, for the review of a judgment fatally adverse to the latter ; and the court may by order permit such an appeal to be brought.

In the Matter of Guardian Savings Institution, 78 N. Y. 408, a party was appointed receiver of an insolvent savings bank and executed his bond with a surety. He entered upon his duties, but subsequently, by leave of the court, resigned, and a new receiver was appointed. An order of the special term was made settling the accounts of the former receiver, which contained a clause authorizing the surety to appeal on stipulating to be bound by the decision thereon. The surety appealed to the general term, making the required stipulation, which was accepted by the opposite party. The appeal was heard without objection to the right of the surety to appeal, and the order was affirmed with the direction that the surety pay to the new receiver the amount of the bond. The surety appealed from this order to the court of appeals, and it was held that he was entitled to take such appeal.

In Hobart *v.* Hobart, 86 N. Y. 636, an action was brought for partition of lands situate in the city of New York. The referee stated and claimed in his report the fees allowed by the Act in relation to such sales in said city. The special term confirmed the report except as to fees, and allowed the referee $25 over and above disbursements. The referee appealed to the general term, which affirmed the order of the special term, and then appealed to the court of appeals. And it was held that he had such a standing as enabled him to appeal. He was a party to the special term order, and, so far as that order deprived him of his legal fees, it did not rest in discretion but affected his substantial rights. The order was not made by default, but upon reading and filing his report, in which he claimed proper fees and commissions. He was also a party to the general term order.

This was an order against him, and he could appeal from it under of § 1294 the Code. It is a mistake to suppose that no one can appeal from an order made in an action, unless he is a party to the action. Every one who can properly be called a party to the order, and who is aggrieved thereby, may appeal. The court of appeals, under this view, has repeatedly entertained appeals by purchasers at judicial sales, by attorneys, by sheriffs, and by other persons.

In People *ex rel.* Burnham *v.* Jones, 110 N. Y. 509, an application for title to certain lands was filed by the Bartholomay Brewing Co. before the commissioners of the Land Office, and opposed by the relator upon the ground that he was the owner of a portion of the adjacent uplands. The commissioners, after hearing both parties, passed a resolution that a patent issue to the said company substantially as asked for. To review the commissioners' action, a writ of *certiorari* was granted by the supreme court, and the matter was heard at the general term, which reversed the said resolution and denied the application of the company. Upon this decision a final order was entered, from which the commissioners and the company have separately appealed to the court of appeals. A motion was made to dismiss the appeal. And it was held that the commissioners are aggrieved by the decision of the general term, and, therefore, have a right to appeal therefrom. This decision, if sustained, interferes with their exercise of the power to grant so much of the lands under navigable waters as they should deem necessary to promote the commerce of the state, or for the beneficial enjoyment of the same by the adjacent upland owners. It is their duty, representing both public and private interests, to defend any determination which they have made and which they believe to be right. Though they did not have any property or pecuniary interest in the matter in controversy, they were, in a legal sense, aggrieved by the decision appealed from. That officers thus situated may be both appellants and respondents upon appeals to the court of appeals, is shown by the uniform practice for many years. See the following authorities: Allen *v.* Commissioners of Land Office, 38 N. Y. 312 ; People *ex rel.* Cayuga Indians *v.* Commissioners of Land Office, 99 Id. 648 ; People *ex rel.* Mayor, etc., *v.* McCarthy, 102 Id. 630 ; People *ex rel.* Millard *v.* Chapin, 104 Id. 96 ; People *ex rel.* Wright *v.* Chapin, Id. 369 ; People *ex rel.* N. Y. O. & W. R. R. Co. *v.* Chapin, 106 Id. 265.