McGregor vs. Pearson, imp.

## McGREGOR vs. PEARSON, imp.

*December 23, 1880 — January 11, 1881.*

An appeal will not lie in favor of one who has no interest in the controversy, and against whom no judgment has been entered, however irregular may be the judgment in the cause.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is stated in the opinion.

The appeal was submitted on the brief of *J. J. Foote* for the appellant, and that of *E. L. Runals* for the respondent.

CASSODAY, J.    This is an action to foreclose a mortgage of $400, bearing date December 6, 1867, purporting to have been executed by William and *Mary J. Pearson* to *Duncan McGregor*. The defendant *Mary J. Pearson*, separately answering, alleged that she did not sign or execute the mortgage, and that the premises therein were the homestead of the mortgagors when it purported to have been given, and had been ever since. Upon the trial of that issue by a jury, it was found that *Mary J. Pearson* executed the mortgage, and that the premises were a homestead; and it also appeared from the evidence that the mortgage had but one subscribing witness, and that, after the execution of the mortgage, William and *Mary J. Pearson* conveyed the mortgaged premises to the defendant Mary Ann Pearson, by deed duly sealed, executed, witnessed and recorded, containing covenants that the

same were free and clear from all incumbrances whatever, except said mortgage; and thereupon judgment of foreclosure and sale was entered for the plaintiff, from which *Mary J. Pearson* brings this appeal. From this statement it is very evident that *Mary J. Pearson*, having parted with all interest in the premises, had necessarily ceased to have any interest in the controversy. Having no interest in the controversy in the court below, she can have no interest in this appeal. No judgment having been entered against her for deficiency or otherwise, there was nothing for her to appeal from. We therefore hold that an appeal will not lie in favor of one who had no interest in the controversy, and against whom no judgment has been entered, however irregular may be the judgment. Appeals are to be taken by a "party aggrieved." Section 3048, R. S. This is too obvious to need authority, but we cite *McGinnis v. Wheeler*, 26 Wis., 651; *Hackley v. Hope*, 4 Keyes, 123; *Idley v. Bowen*, 11 Wend., 227; *Mills v. Hoag*, 7 Paige, 18; *Cuyler v. Moreland*, 6 Paige, 273; *Steele v. White*, 2 Paige, 478.

*By the Court.*—The appeal is dismissed.