Eureka Steam Heating Co. vs. Sloteman and another.

EUREKA STEAM HEATING COMPANY, Appellant, vs. SLOTEMAN and another, Respondents.

*October 14 — November 3, 1886.*

APPEAL TO S. C.: ATTACHMENT. *(1) Notice of appeal: Service: Undertaking. (2) Restricting appeal. (3) Order not prejudicial to appellant: Parties. (4) Judgment for part of claim admitted: Attachment: Traverse. (5, 6) Who may make affidavit for attachment: Authority not put in issue by traverse.*

1. A notice of appeal unaccompanied by an undertaking and served only upon the opposite party and not upon the clerk of the court, is ineffectual.

2. If, in fixing the amount of the undertaking on an appeal, the trial judge has been misled as to the extent or scope of the appeal to be

taken, he may probably modify the order fixing the amount, and require an additional undertaking; but he cannot restrict the scope of the appeal.

3. Where both the assignor and his assignee for the benefit of creditors appear and traverse an affidavit for attachment in an action against the former, the plaintiff is in no way prejudiced by the order making such assignee a party defendant and permitting him to traverse the affidavit.

4. Where, in an action arising on contract for the recovery of money only, the answer admits a part of the plaintiff's claim to be just, the plaintiff is entitled to judgment for such part; and this right is not affected by a traverse of the affidavit for an attachment in the action.

5. The authority of the affiant to make an affidavit for attachment is not put in issue by a traverse of such affidavit.

6. An affidavit for attachment may be made on behalf of the plaintiff by any person acting in good faith and authorized to institute the proceedings, or by one procured by such person.

APPEAL from the County Court of *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

November 9, 1885, this action was commenced in the county court for Milwaukee county against the defendant *Sloteman* alone, and certain property, appraised at $2,294.35, was attached, upon an affidavit therein in substance as follows: "H. L. D. Kelley, being duly sworn, says that he is the agent of the above-named plaintiff and makes this affidavit on its behalf and at its request; that the above-named defendant is indebted to the said plaintiff in a sum exceeding fifty dollars, to wit, in the sum of $1,337.86 as near as may be, over and above all legal setoffs, and that the same is due upon contract express; that this deponent has good reason to believe, and verily does believe, that the defendant has assigned, conveyed, disposed of, or concealed, or is about to assign, convey, dispose of, or conceal, his property, or a part thereof, with intent to defraud his creditors." The claims of the plaintiff against said *Sloteman*, as alleged in the complaint therein, were for $677.50,

due upon a draft upon said *Sloteman,* and accepted by him, and $660.36, for a balance due for goods sold and delivered to him at his request by the plaintiff.

November 10, 1885, *Sloteman* made a general assignment for the benefit of his creditors to the defendant *Moss.* November 28, 1885, upon an affidavit of *Moss* stating the fact of such attachment and assignment, and that several persons had been garnished in said action, and upon an order to show cause to the contrary, if any, it was, in effect, ordered by the court that said *Moss* be made a party defendant, with leave to defend this action and the several garnishee proceedings therein, and to traverse the attachment, and extending the time for him to do so until December 12, 1885.  November 30, 1885, the defendant *Moss,* " by way of special answer and traverse " to said affidavit of attachment, upon information and belief, denied "each and every allegation therein contained, and the existence, at the time of making " the affidavit, " of all the material facts stated therein, . . . except the alleged liability, and the amount thereof." November 30, 1885, the de·fendant *Sloteman,* "by way of special answer and traverse " to said affidavit, denied " each and every allegation therein contained, and the existence, at the time of the making " thereof, " of all the material facts stated therein, . . . except the alleged liability, and the amount thereof."

Said Kelley made an amended or additional affidavit in support of said attachment, served on defendant's attorney December 2, 1885, stating, in effect, in addition to the facts set forth in his former affidavit, that he made the affidavit for and on behalf of the plaintiff and at its request and as its agent, and that the defendant *Sloteman* fraudulently contracted the debt or incurred the obligation respecting which this action is brought, and that the foregoing facts existed at the time of this attachment.

Eureka Steam Heating Co. vs. Sloteman and another.

December 9, 1885, *Sloteman* answered the complaint in the action, admitting, in effect, that there was due the plaintiff, at the commencement of the action, upon the .draft, $650, with interest from October 10, 1885, and for goods, May 12, 1885, $229.80, and September 5, 1885, $261, and September 17, 1885, $42, less the $13.44 for goods returned, mentioned in the complaint; and that the further sum of $141 of said account had not yet become due when the action was commenced. February 6, 1886, upon motion of the plaintiff, and upon an order, based upon the records in the action, to show cause why *Sloteman* should not satisfy so much of the plaintiff's demand as was by his answer admitted to be due, and after hearing of the parties, it was ordered by the court that the said motion be denied without costs and without prejudice to the plaintiff, to which the plaintiff excepted.

March 11, 1886, "the defendant *Moss*, by way of special answer and traverse to the amended affidavit of attachment," denied, "upon information and belief, each and every allegation therein contained, and the existence, at the time of making the affidavit, . . . of all the material facts stated therein, . . . except the alleged liability and the amount thereof," and at the same time and in the same language, except it was upon his own knowledge, the defendant *Sloteman* answered and traversed said amended affidavit.

Thereupon the issues on such traverses were tried by the court, and, the court having found for the defendants on said issues, the plaintiff thereupon, and on March 12, 1886, notified the defendants in writing to the effect "that the plaintiff appeals to the supreme court of Wisconsin from the order of the above-named court made on the 11th day of March, 1886, dissolving, dismissing, or vacating the attachment herein, and from the whole and every part thereof;" and, further, that the defendant "be and appear

before the above-named court on the 13th day of March, 1886, . . . for the purpose of having the court fix the amount of the undertaking which the plaintiff shall be required to give to continue the attachment herein, pending such appeal." Thereupon, and on motion of the attorney for the defendants, it was, March 13, 1886, " ordered that said defendant have judgment on said traverses, discharging and vacating said writ, and the same is hereby discharged and vacated; and it is further ordered that the property attached pursuant to said writ, and the moneys realized from the sale of the same, be forthwith delivered up to the said defendant *Phillip Moss*, . . . and that the damages be assessed and the costs taxed against the plaintiff as provided by law,"— to which the plaintiff excepted.

The court thereupon fixed the amount of the undertaking to be given on appeal at the sum of $1,000, and thereupon, and on March 15, 1886, the plaintiff's attorney served on the attorney for the defendants an undertaking on such appeal, in the sum so fixed, conditioned, in effect, to pay all costs and damages which might be awarded against it on said appeal, not exceeding $1,000; and also if said judgment or orders so appealed from, or any part thereof, be affirmed, the appellant would pay the amount directed to be paid by said order, or the part of such amount as to which said orders should be affirmed, if it should be affirmed only in part, and all damages which should be awarded against said appellant on said appeal, and all costs and damages which the respondents might sustain, and to which they, or either of them, should be entitled by reason of the continuance of the said attachment.

On said March 15, 1886, the plaintiff's attorney also served on the attorney for the defendants a copy of the notice of appeal herein already filed with the clerk of said court, addressed to him and said clerk, to the effect that the

plaintiff appealed to this court from the following orders of the said county court, to wit: (1) Said order dated November 28, 1885; (2) said order dated February 6, 1886; (3) said order dated March 13, 1886, and from the whole and every part of said order.

On said notice of appeal the county judge indorsed the following, to wit:

"Orders Nos. 1 and 2 stricken out because the appeal was only taken from order No. 3, and the undertaking fixed accordingly; the notice of the court not having been brought to said orders 1 and 2 until embraced in this notice, and the undertaking was only fixed with reference to an appeal from order No. 3.

"*March 15, 1886.*        J. E. MANN, Co. Judge."

To which the plaintiff then and there excepted. March 15, 1886, the court also made an order reciting, in effect, that it appearing that the requisite notice of appeal from the order discharging and vacating the attachment, and the requisite undertaking in the sum fixed by the court, had been served, "ordered that the attachment herein be continued in force pending the appeal, providing the same is diligently prosecuted as provided by law."

*Charles M. Bice*, for the appellant.

*Glenway Maxon*, for the respondents, to the point that the agency and authority of the affiant are material and are put in issue by the traverse of the affidavit for an attachment, cited sec. 2745, R. S.; Waples on Attach. 81–83; *Wiley v. Aultman*, 53 Wis. 560; *Miller v. C., M. & St. P. R. Co.* 58 id. 310; *Willis v. Lyman*, 22 Tex. 268; *Lithgow v. Byrne*, 17 La. Ann. 8. The affidavit must be made by "the plaintiff or some one in his behalf," *i. e.*, by some one who has authority from the plaintiff. The affiant in this case was the agent of the attorney, not of the plaintiff. Story on Agency, sec. 13; *Hoover v. Wise*, 91 U. S. 308; Weeks on Attorneys, sec. 246.

CASSODAY, J.   1. The notice served on the attorney for the defendants, March 12, 1886, though a portion of it was in the form of a notice of appeal, could not have that effect for several reasons.   It was not accompanied by an undertaking as required by sec. 3052, R. S., and hence, as a notice of appeal merely, was *ineffectual* " for any purpose."   The order or judgment on the traverse was not in fact entered until the next day, and hence that notice might, perhaps, have been regarded as premature had it been accompanied by an undertaking.   Besides, " an appeal must be taken by serving a notice" of appeal " on the adverse party, and *on the clerk of the court.*"   Sec. 3049, R. S.   Here that notice was not served on the clerk of the court at all on the part of the plaintiff, but was filed with the clerk in pursuance of an order of the court made March 27, 1886, requiring it to be filed *nunc pro tunc* as of March 12, 1886.   For these reasons that notice must be regarded as a mere notice of the plaintiff's intention to appeal, and to fix the amount of the undertaking to be given upon such appeal.

2. The notice of appeal, as served March 15, 1886, was in form from the three several orders therein mentioned. Under the recent act of the legislature a party appealing to this court " may embrace in one appeal two or more orders, with or without the judgment, provided such orders are appealable and the time allowed for appealing from them has not expired."   Ch. 49, Laws of 1883.   The same act provides that but " one undertaking shall be necessary," and that " shall be in the terms prescribed by sec. 3052, R. S., except where the sum or effect of an undertaking is required by the provisions of law to be fixed by the court or judge, in which case the undertaking shall be in accordance with said provisions."   Here it does not appear that the time allowed by the statutes for appealing from either of said orders had expired.   No copy of either, " with a written notice of the entry of the same," appears to have been

served so as to limit the time for appealing to thirty days, as provided in sec. 3042, R. S.; and the limitation "to two years from the date of the entry of such . . . order," provided in sec. 3039, R. S., had not expired. The serving of that undertaking and notice of appeal was the perfecting of an appeal from each of the several orders mentioned therein, unless the indorsement upon the notice by the judge operated as a cancellation of so much of the notice as related to the first and second orders. Did it have that effect?

The right of appeal from orders, as well as judgments, is given by statute. The purpose of an appeal is to take the order or judgment, or some part thereof, to another jurisdiction for review. If the jurisdiction from which the appeal is taken has power to restrict the appeal to one of three several orders, then, upon the same principle, it might restrict it to a certain portion of one order, or preclude the party from taking any appeal whatever. An appeal is not thus a mere gratuity or favor to be granted or withheld in the discretion of the trial court, but an absolute right, if exercised within the time and in the manner prescribed by statute. The wording of the notice of appeal must be left to the party appealing. The undertaking to be given in this case was to be "in such sums as the court or presiding judge thereof" should direct, under sec. 3054, R. S. Of course, the amount to be named in the undertaking depended, not only upon the amount and subject matter of the controversy, but the nature and extent of the appeal. If, in fixing the amount of the undertaking, the judge of the trial court was misled as to the extent or scope of the appeal to be taken, as he obviously was, then he might, probably, have modified the order fixing such amount and required an additional undertaking. But this was not done. We must treat each of the three appeals, therefore, as being fully perfected.

3. The order of. November 28, 1885, making the assignee for the benefit of creditors a party defendant, with leave to defend the action and the several garnishee proceedings and to traverse the attachment, in no way prejudiced the plaintiff. The assignor, as well as the assignee, did appear and traverse both of the affidavits for the attachment, as he had the right to do. *Howitt v. Blodgett*, 61 Wis. 380; *Rice v. Wolff*, 65 Wis. 5; sec. 2745, R. S. This being so, the plaintiff was in no way aggrieved by reason of that order, and hence the plaintiff has no ground for the reversal of it. *McGregor v. Pearson*, 51 Wis. 122. It was wholly immaterial so far as the traverse of the attachment was concerned, and the trial thereon in this case.

4. The statute provides, in effect, that " when the answer of the defendant in any case, expressly, or by not denying, admits part of the plaintiff's claim to be just, the court may, on motion, order such defendant to satisfy that part of the claim, and may enforce the order as it enforces a judgment or provisional remedy." Sec. 2892, R. S. Here the action arose upon " contract for the recovery of money only," and the answer expressly admitted a very large portion of the plaintiff's claim to be just and due .and payable before the commencement of the action. Such being the state of the pleadings, the plaintiff was clearly entitled to " judgment for the amount so admitted to be due," as provided in the forepart of that section. *Buffalo Barb Wire Co. v. Phillips*, 64 Wis. 339. The plaintiff's right was none the less because he applied to the court under the clause of the section quoted. The enforcement of the order to satisfy, as indicated therein, is manifestly to be by judgment and execution, as "in an action arising on a contract for the recovery of money only." The plaintiff's right, in this regard, was independent of, and in no way frustrated by, the pending issue on the traverse.

5. The testimony taken upon the trial of the traverse

seems to have been sufficient to sustain the attachment upon the merits. The contrary does not seem to be seriously claimed. The principal contention is that it appears from such evidence that Kelley, who made both affidavits in support of the attachment, and testified therein that he made such affidavits for and on behalf of the plaintiff and at its request and as its agent, nevertheless got no authority to so act and testify from any of the officers of the plaintiff, but only from its attorney of record in this case; in other words, that an attorney at law, charged with the duty of collecting a claim, cannot delegate to one knowing the facts, authority to so act as agent for the plaintiff in making such affidavit.

Undoubtedly an attachment is a harsh remedy. Accordingly it has frequently been held by this court that the affidavit must state substantially the things required by the statute in order to give the court jurisdiction. Sec. 2731, R. S. Here each of the affidavits contained the requisites of that statute. That gave the court jurisdiction. Moreover, when the defendant in the attachment appeared, by way of special answer, and traversed the allegations contained in the respective affidavits, then, certainly, "he was in court, and jurisdiction was thereby acquired of his person." It was so held by this court where the defendant was a nonresident and the service by publication was claimed to be defective, in *Williams v. Stewart*, 3 Wis. 773. The court having acquired jurisdiction, the question to be tried was whether there was any ground for the attachment. Thus, in *Davidson v. Hackett*, 49 Wis. 186, it was held, on such traverse, that the issue was "whether the alleged fact of fraud or nonresidence existed, and not whether the affiant knew or had good reason to believe in its existence."

From this it appears that it is not every fact stated in the affidavit and essential to give jurisdiction that must be

established by evidence on such traverse, notwithstanding the plaintiff has the affirmative of the issue. *Ibid.; Lord v. Devendorf*, 54 Wis. 496. The issue on such traverse is as to "the existence" or "nonexistence, at the time of the making of the affidavit, . . ." of any or all the material facts stated therein, except the alleged liability, and the amount thereof." Sec. 2745, R. S. But, as held, whether the affiant knew or had good reason to believe in the existence of any such material facts was not an issuable fact, and hence not traversable. By parity of reasoning, we must hold that whether the person making the affidavit got his authority so to act from some officer of the plaintiff, or only from its attorney, is not a traversable fact.

Besides, the language of the statute as to the point raised is very broad: "The plaintiff, *or some one in his behalf*, shall make" the affidavit. Sec. 2731, R. S. Kelley made the affidavits in question in behalf of the plaintiff. The plaintiff is a corporation, and, of course, could make no affidavit. The affidavit could only be made by some one knowing the facts. The plaintiff's officers might not have known of the facts. In all cases of nonresident plaintiffs it might be difficult for them or their principal officers or agents to ascertain the facts, and then only after much expense and great delay, which might defeat the attachment altogether. Accordingly the legislature deemed it sufficient if "some one in behalf" of the plaintiff makes the requisite affidavit. This does not mean that the affidavit is sufficient if made by a mere intermeddler, but by some one acting in good faith and authorized to institute the proceedings, or one procured by such person. But even the question of the existence of such authority does not seem to be at issue on the traverse.

*By the Court.*— The order of the county court dated November 28, 1885, is affirmed, and the orders of the county court, respectively dated February 6, 1886, and March 13,

1886, are each reversed, and the cause is remanded for further proceedings according to law. No costs are allowed to either party in this court, except the respondents must pay the clerk's fees.