THE TOWN OF ACKLEY, Respondent, vs. THE TOWN OF
VILAS, Appellant.

*February 7 — February 24, 1891.*

*Towns: Apportionment of debt upon division.*

1. Where, upon creating a new town out of territory severed from an old
town in November 1886, the county board attempted to *prorate* the
indebtedness of such old town, as required by sec. 672, R. S., but
made the apportionment according to the assessment roll thereof
for 1885, and thereby charged the new town with a considerably
less portion of the debt than if such apportionment had been made
according to the roll of 1886, *held,* that it could not resist pay-
ment of its proportion on the ground that the apportionment was
not made as required by statute and the ordinance of the ·county
board.

2. If the new town 1 ef uses to pay its proportion of the indebtedness, the
old town can maintain an action to recover the amount.

APPEAL from the Circuit Court for *Langlade* County.
The following statement of the case was prepared by
Mr. Justice CASSODAY:

The amended complaint alleges, in effect, that November
11, 1886, and for some years prior thereto, the territory
embraced in the town of *Vilas* constituted and was a part
of the town of *Ackley* in the county of Langlade; that No-
vember 11, 1886, the county board of that county, at a
regular meeting thereof, passed an ordinance whereby town-
ship 32 was detached and separated from said *Ackley,* and
incorporated into the town of *Vilas,* and providing that
said town of *Vilas* should organize and go into effect at the
general spring election in April, 1887, and that, until then,
it should remain a part of the town of *Ackley;* that the in-
debtedness of the town of *Ackley* be divided and appor-
tioned between the two towns *pro rata* according to the
last previous assessment rolls of the old town of *Ackley;*
that a committee was thereupon appointed, and subse-

quently another, to act for the county board in conjunction
with the town board of *Ackley*, in estimating such indebt-
edness, and to make a settlement between the two towns
accordingly; that said new committee thereupon made such
division, apportionment, and settlement, and such indebt-
edness was by them apportioned from the assessed valua-
tion of said territory for the year 1885, instead of the year
1886, as named in said ordinance; that the aggregate amount
of the indebtedness of the old town was $4,394.56, and the
apportionment of the same from said assessment of 1885
made the town of *Ackley* liable for $2,154.58, and the town
of *Vilas* liable for $2,239.98, and said committee reported to
the county board accordingly, and their report was adopted
at a regular meeting of the board, November 15, 1887;
that, had said indebtedness been apportioned according to
the assessment of 1886, as required by the ordinance, in-
stead of the assessment of 1885, the town of *Vilas* would
have been liable to pay $2,360.82, and the town of *Ackley*
would have been liable to pay $1,929.26, instead of the
amounts mentioned; that by reason of the premises the
town of *Vilas* became indebted to the town of *Ackley* in
the sum of $2,239.98, no part of which has been paid, except
$90 interest; that the plaintiff has frequently demanded
payment of said indebtedness from the defendant, but it has
at all times refused and neglected to pay the same, or any
part thereof, except as stated; that March, 1889, and before
the meeting of the town board of audit, the plaintiff made,
and filed with the town clerk of *Vilas*, a statement of its
account, and demanded payment in writing, but that the
same was wholly disallowed by *Vilas;* that more than ten
days elapsed since the last annual town meeting in *Vilas*
before the commencement of this action; and the plaintiff
prays judgment accordingly.

To that complaint the defendant demurred, as not stat-
ing facts sufficient to constitute a cause of action, and that

the plaintiff had no legal capacity to sue. From the order overruling that demurrer the defendant brings this appeal.

For the appellant the cause was submitted on the brief of *Schintz & Hogan*. They contended that the county board should have made the apportionment at the time of creating the new town, and according to the assessment roll of 1886. It had no power to make it a year later, nor according to the roll of 1885, and its acts in respect thereto are void. That the result was more favorable to the defendant than it would otherwise have been does not make the apportionment valid. The plaintiff has mistaken its remedy, and should have proceeded by *mandamus. School Dist. v. School Dist.* 3 Wis. 333; *State ex rel. Ordway v. Smith*, 11 id. 65; *State ex rel. Van Vliet v. Wilson*, 17 id. 687; *Joint Free High School v. Green Grove*, 77 id. 532.

*Thomas Lynch*, for the respondent.

CASSODAY, J. The ordinance dividing the town of *Ackley*, and creating out of a portion of it the town of *Vilas*, required the indebtedness of the old town to be apportioned between the two towns according to the assessment of 1886. The ordinance followed the mandate of the statute which required the county board to divide such indebtedness *pro rata* according to the last previous assessment roll of the old town. Sec. 672, R. S. But in making such division the board departed from the rule thus prescribed, and made the same according to the assessment of 1885. In doing so, however, it is very manifest from the complaint that the town of *Vilas* is required to pay a considerably less sum than it would have been required to pay had the division been made according to the ordinance and the statute. This being so, it is contended that the defendant is not injured, and hence is in no position to object. The statute expressly requires this court to disregard any error or defect in the pleadings or proceedings, not affecting the

substantial rights of the defendant.   Sec. 2829, R. S.   This court has frequently refused to reverse by reason of errors or defects not affecting the substantial rights of the adverse party.   See cases cited in Sanborn & Berryman's notes to the section last named.   The sole object of allowing an appeal is to benefit the "party aggrieved."   Sec. 3048, R. S.; *McGregor v. Pearson*, 51 Wis. 122; *Eureka S. H. Co. v. Sloteman*, 67 Wis. 126.   Counsel insist that the plaintiff's remedy, if any, is by *mandamus*, and they cite in support of this contention, *Joint Free High School Dist. v. Green Grove*, 77 Wis. 532.   In that case the statute, if applicable, imposed a simple legal duty upon the officers of the town. The same is true with *Waupaca Co. v. Matteson, ante*, p. 67. The case at bar is more like *Outagamie Co. v. Greenville*, 77 Wis. 165, where the statute required the town to reimburse the county for the expenses paid, and hence was the basis of an action.   Here the statute requires the new town to " pay " its proportion of the indebtedness of the old town; or in other words, to reimburse the original town for any payment made by it in excess of its proportionate share. Sec. 672, R. S.   Such statute is the basis of an action to recover a money judgment, especially where, as here, the amount to be recovered is open to controversy.   Such actions have been repeatedly maintained.   *Depere v. Bellevue*, 31 Wis. 120; *Seymour v. Seymour*, 56 Wis. 314; *Waupun v. Chester*, 61 Wis. 401; *Forest Co. v. Langlade Co.* 76 Wis. 605.

*By the Court.*— The order of the circuit court is affirmed.