Shabanaw vs. The C. C. Thompson & Walkup Co.

SHABANAW, Respondent, vs. THE C. C. THOMPSON & WALKUP COMPANY, Appellant.

*November 20 — December 15, 1891.*

*Foreclosure of liens: Right of defendant not appearing to question judgment on appeal.*

In an action to foreclose mechanics' liens a defendant who was made such merely as being a subsequent lien claimant, and who did not put in any answer showing his interest or make any appearance in the action until after judgment, when he moved to set aside the judgment because the clerk had no jurisdiction to enter it, cannot be heard to question the findings and judgment on appeal.

APPEAL from the Circuit Court for *Bayfield* County. Three several actions were commenced by different plaintiffs against Rood & Maxwell, *A. Shabanaw, The C. C. Thompson & Walkup Company*, and others, to foreclose mechanics' liens upon certain saw-mill property. The defendants *Shabanaw, The C. C. Thompson & Walkup Company*, and others were made parties on the ground that they had or claimed to have liens on the premises, which liens or claims, if any, were subsequent to the liens of the plaintiffs. The actions were consolidated and referred to a referee to hear, try, and determine. The referee found, among other things, that there was due the defendant *Sha-*

Shabanaw vs. The C. C. Thompson & Walkup Co.

*banaw* from the defendants Rood & Maxwell, $300 for labor, etc., upon a dock abutting their mill property known as the "new mill," and that he was entitled to judgment therefor and that the same be adjudged a lien upon the interest of said Rood & Maxwell in said "new mill" site. The court afterwards modified the findings of the referee so as to make a part of the claim of the defendant *Shabanaw* a lien upon what is known as the "old mill" property. The defendant *The C. C. Thompson & Walkup Company* appeals from the judgment and from an order refusing to vacate the same.   Other facts are stated in the opinion.

For the appellant there was a brief by *Tomkins & Merrill*, and oral argument by *W. M. Tomkins*.   They contended, *inter alia*, that the trial court erred in amending the referee's report so as to make a part of the claim of *Shabanaw* a lien upon the "old mill" property, of which the appellant claims to be the owner.   *Shabanaw* not having excepted to the findings of the referee was not in a position to ask to have them amended, and the court should have entered judgment pursuant to such findings.   *Riley v. Mitchell*, 37 Wis. 612;   *Wilcox v. Bates,* 45 id. 138;   *Yates v. Shepardson*, 39 id. 174.

*A. E. Dixon*, for the respondent.

ORTON, J.   This is a consolidated action against Rood & Maxwell and the appellant, and to foreclose a lien on certain mill property for work and labor thereon.   It is alleged in the complaints that the appellant has, or claims to have, some lien upon the premises, subject to the lien and claim of the plaintiffs.   The case was referred to a referee to hear, try, and determine.   The referee took and heard the testimony, and filed his findings of fact and conclusions of law in favor of the plaintiffs and respondent, who was made defendant, and reported the same to the court.   On motion to confirm the report the court modified it so as to make a

part of the respondent's claim a lien upon another mill on
the said premises, called the " old mill," and judgment was
rendered accordingly.   The appellant moved to set aside
the judgment on the ground that the clerk had no jurisdic-
tion to enter it.   This motion was denied, and the appellant
has appealed from said order and from the judgment.   This
appellant has never appeared in the action, or filed any an-
swer, or taken any exceptions to the findings and conclu-
sions of law of the referee or to the modified findings of the
court.   It was made a party because it has, or claims to
have, some lien on the premises, which is the usual aver-
ment for bringing in third persons in order that they may
set up their claims or liens, if any they have.   But it has
not, by answer or otherwise, disclosed any lien or claim, if
any it has, upon the premises; and, so far as the record
shows, it has no interest whatever in the subject matter of
the suit, and no standing in court.   It has neither excepted
nor moved for a new trial.   It cannot, therefore, be heard
to question the findings or judgment.  *Riley v. Mitchell,*
37 Wis. 612; *Jenkins v. Esterly,* 22 Wis. 128; *Gilbank v.
Stephenson,* 30 Wis. 155.   It cannot take advantage of ex-
ceptions taken by Rood & Maxwell, the real defendants in
the action.   3 Wait, Pr. 204.   It has neither excepted to
nor appealed from the order modifying the report of the
referee.   *Gilbank v. Stephenson, supra; Sayre v. Langton,* 7
Wis. 214.   But it is sufficient that it has not shown any
right to intervene or question the judgment, or any inter-
est in the subject matter of the suit.   *McGregor v. Pear-
son,* 51 Wis. 122.

*By the Court.*— The appeal is dismissed.