Balkins vs. Baldwin.

---

BALKINS, Appellant, vs. BALDWIN, Respondent.

*January 12 — January 31, 1893.*

*Pleading: Redundant matter: Powers of court commissioner: Refusal to set aside unauthorized order: Waiver.*

1. Under sec. 2683, S. & B. Ann. Stats., a court commissioner has no authority to strike out irrelevant, redundant, or scandalous matter from a pleading.

2. The refusal of the circuit court to set aside an unauthorized order of a court commissioner in effect continues such order as the order of the commissioner, without adopting it as the order of the court.

3. Plaintiff's right to have set aside an unauthorized order of a court commissioner striking redundant matter from the complaint is *held* not to have been waived by service of a copy of such order on his attorney, admission of service of the answer, failure for over four months to give notice of motion to set aside the order, failure to pay the costs ordered by the commissioner, and the noticing of the cause for trial at a subsequent term.

Balkins vs. Baldwin.

APPEAL from the Circuit Court for *Sheboygan* County.

This action was commenced October 3, 1891, and the complaint alleges as a substantive cause of action certain slanderous words spoken in the presence and hearing of G. L. Daharsh and other persons, September 25, 1891, at the city of Sheboygan. It also alleges other slanderous words spoken on the same day, at the same city, in the presence and hearing of divers persons; also other slanderous words spoken at the same city, on three different occasions, September 24, 1891; also still other slanderous words spoken at the town of Lima, in Sheboygan county, in the presence and hearing of divers persons, September 29, 1891; and also still other slanderous words spoken at said Lima, in the presence and hearing of divers persons, October 1, 1891. On application of the defendant, and notice to the plaintiff, a circuit court commissioner, November 17, 1891, ordered of all said complaint to be stricken out as irrelevant and redundant matter, except said substantive cause of action first mentioned, with $10 costs. Thereupon the plaintiff moved the circuit court to set aside said order so made by said commissioner, and upon the hearing thereof the same was, April 12, 1892, denied by the circuit court, without costs. From that order the plaintiff appeals.

*C. H. Maynard*, for the appellant.

For the respondent there was a brief by *Seaman & Williams*, and oral argument by *W. H. Seaman*.

CASSODAY, J. "If any pleading contain irrelevant, redundant, or scandalous matter, it may be stricken out, with costs, on motion of the adverse party, *and the court or presiding judge*, in discretion, may order the attorney who signed the same to pay the costs." Sec. 2683, S. & B. Ann. Stats. It is conceded that only such "court or presiding judge" can impose such costs upon such attorney, but it is contended that a court commissioner may strike out such

Balkins vs. Baldwin.

irrelevant, redundant, or scandalous matter. We are constrained to hold that a court commissioner possesses no such power. The same section gives to "the court or presiding judge" authority to require a pleading to be made more "definite and certain." So "the court or presiding judge" is expressly authorized, in a proper case, to strike out any answer, reply, matter, or defense, as sham, or frivolous, or irrelevant, or otherwise (sec. 2684, S. & B. Ann. Stats.); and that is so even when such answer, reply or defense is "by way of denial or avoidance" (sec. 2682). The commissioner can have no such authority, because, wherever the "statutes authorize an order or proceeding to be made or taken by the court, it must be done by *the court in session;*" and wherever the "statutes authorize an order or proceeding to be made or taken by the *presiding* judge, or by the *circuit* judge, using *such words of designation,* no county judge or court commissioner can act." Sec. 2815, S. & B. Ann. Stats. The several sections of the statutes cited must be construed together.

The refusal of the court to set aside the order of the court commissioner in effect continued such order as the order of the commissioner, without in any way adopting the same as the order of the court. The service of a copy of the commissioner's order on the plaintiff's attorney, November 17, 1891; the admission of service of the answer to such complaint, December 18, 1891; the failure to give notice of motion to set aside said order of the commissioner until March 30, 1892; the failure to pay the $10 costs, ordered by the commissioner; and the noticing of the cause for trial at the April term, 1892,— cannot, as we think, be regarded as a waiver by the plaintiff of his right to have such unauthorized order set aside.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with direction to set aside the order of the commissioner, and for further proceedings according to law.