Day and others vs. Buckingham and others.

---

DAY and others, Respondents, vs. BUCKINGHAM and others, imp., Appellants.

*February 6 — February 23, 1894.*

*Corporations: Personal liability of stockholders for labor claims: Striking out and adding new parties: Costs: Order by judge or court: Appeal.*

1. The matter of giving costs to defendants against one whose name as a plaintiff is stricken from the summons and complaint should be determined at the time of making the order striking out his name; and in an equity case, the matter being within the discretion

of the trial court, a subsequent order denying defendants' motion for a judgment for costs against the person whose name was so stricken out will not be reversed on appeal merely because the former order failed to give such costs.

2. Although an order adding new parties plaintiff was made by the judge at chambers instead of by the court, and was therefore unauthorized, a subsequent order by the court refusing to set it aside will not be reversed on defendants' appeal unless such chamber order was prejudicial to them.

3. In an action under sec. 1769, R. S., against the stockholders of a corporation personally for debts due for services performed for the corporation, brought by some of the servants of the corporation, or their assignees, in behalf of all creditors of the corporation having similar claims, the defendants are not prejudiced by an order adding as plaintiffs other servants, or their assignees, having similar claims.

APPEAL from the Circuit Court for *Ashland* County. The amended complaint alleges, in effect, that the plaintiffs, being nineteen in number, bring this suit on their behalf and on behalf of all other creditors of the defendant corporation (the Nimikon Iron Mining Company) having claims similar to theirs, to wit, for work, labor, and services against the said corporation and against the other defendants as stockholders thereof, due to the clerks, servants, and laborers of the defendant corporation for services rendered to said corporation by them as such, not exceeding six months' services in any one case; that at the times mentioned the said corporation was duly organized under the laws of this state; that the capital stock thereof was the sum of $1,000,000, divided into 40,000 shares of $25 each; that the other defendants were stockholders thereof, and the holders of stock therein, to the number of shares set opposite their names, respectively, and that each share was of the par value of $25,— giving a list of 168 defendants, with the number of shares by each set opposite to his name, and alleging, in effect, that certain clerks and servants named performed labor and services for said corporation,

not exceeding six months in any one case, stating also the amount due therefor from the corporation to each; that such claims for labor and services thus due were, for valuable consideration, assigned to the various persons who appear as plaintiffs in this action; that no part thereof had been paid; that the plaintiffs ask that all persons having similar claims may be discovered, if any there be, and that their claims may be discovered, if any there be, and that the claims may be included in the amount adjudged due and ordered paid into court by such stockholders for the benefit of such creditors of said corporation; that said corporation is wholly insolvent and destitute of property, and has no property or effects whatever, out of which a judgment in favor of the plaintiffs could be realized, or any part thereof; that the several claims of the plaintiffs for such services do not exceed six months' services in any one case, or six months' labor of any one individual, performed for said company; and prays that such stockholders be adjudged and decreed liable for the amount of the plaintiffs' demands, and all similar demands which may be set out and proven in this action, to a sum equal to the par value of the stock held by them as aforesaid, and that they be ordered to pay the same, or so much thereof as may be necessary to satisfy said claims and the costs of this suit, into court, for the persons so entitled.

On July 23, 1892, upon an order to show cause based on an affidavit and the record, the court ordered that the name of Philip Birdie be stricken from the title of the summons and amended complaint, as plaintiff therein. On February 4, 1893, upon an affidavit filed in the cause, from which it appeared that the several claimants, Foster, Roberts, Marks, Rossi, Vallance, Earle, Sola, and Berge, not then parties to this action, had such interest in the subject matter of the controversy as required them to be made parties plaintiff herein for their due protection, and they, having claims

similar to those of the plaintiffs herein, ought in equity to be made parties plaintiff herein and allowed to prosecute their claims as such, the circuit judge ordered that each of them be made parties plaintiff in this action and allowed to prosecute their said claims in this same action as fully as though they were originally parties plaintiff herein, upon their serving their complaint setting forth their said claims according to law, together with a copy of said affidavit and said order, upon those defendants who have already appeared therein or who might thereafter lawfully appear, in sixty days from the date thereof. On July 17, 1893, a copy of said order attached to the amended complaint in the action was served on such defendants. On September 24, 1893, the several defendants represented by Turner & Timlin, and the defendant Gile, represented by Silverthorn, Hurley, Ryan & Jones, upon affidavits and the records filed herein, moved the court to set aside the order of February 4, 1893, and for an order for judgment for costs against the plaintiff whose name was stricken out of the record by the order dated July 23, 1892. Whereupon, it was ordered by the court, October 4, 1893, that said motions be denied with five dollars costs of each motion. From that order the defendants *W. B. Buckingham, M. Wadleigh, A. W. Rich, Eva D. Clemens, H. S. Benjamin, R. G. Richter,* and *L. D. Benjamin* appeal.

For the appellants there was a brief by *Turner & Timlin,* and oral argument by *W. H. Timlin.*

*R. Sleight,* for the respondents.

CASSODAY, J. The order of July 23, 1892, striking out the name of one of the plaintiffs, was made by the court. Neither its validity nor its regularity is questioned. It is claimed that the defendants are entitled to a judgment for costs against the person whose name was so stricken out; but that is a matter which should have been determined, if

at all, when the order of July 23, 1892, was made, and then embraced in that order. This is an equity case, and such matters must necessarily rest in the sound discretion of the trial court. Certainly, we should not disturb the order from which this appeal is taken merely because the order of July 23, 1892, failed to give such costs.

It is contended that the order made by the circuit judge at chambers, February 4, 1893, adding new parties plaintiff, as mentioned in the foregoing statement, was without authority and should have been set aside. The reason given for such contention is that secs. 2610, 2611, 2830, R. S., only authorize the "*court*" to make such order, and that another section of the statutes provides that, wherever the ·"statutes authorize an order or proceeding to be made or taken by *the court*, it must be done by the court in session." S. & B. Ann. Stats. sec. 2815. The refusal of the court, by the order of October 4, 1893, to set aside that order, in effect continued the same as the order of the circuit judge at chambers, without adopting it as the order of the court. *Balkins v. Baldwin*, 84 Wis. 212. The order of February 4, 1893, being made by a judge at chambers, was not appealable. *Hubbell v. McCourt*, 44 Wis. 584; *Whereatt v. Ellis*, 68 Wis. 70; *State v. Brownell*, 80 Wis. 563. It follows from these adjudications that, if such chamber order is really prejudicial to these appellants, then the order refusing to set it aside should be reversed, as in *Balkins v. Baldwin, supra*. On the contrary, if that chamber order is in no way prejudicial to the appellants, then they are not "aggrieved" by the order refusing to set it aside; and, if they are not "aggrieved" thereby, then they are in no position to invoke the appellate jurisdiction of this court to review the same. R. S. sec. 3048; *McGregor v. Pearson*, 51 Wis. 122; *Eureka S. H. Co. v. Sloteman*, 67 Wis. 126; *Ackley v. Vilas*, 79 Wis. 160; *Shabanaw v. C. C. Thompson & Walkup Co*. 80 Wis. 623. The important question for

Day and others vs. Buckingham and others.

determination, therefore, is whether the appellants are so aggrieved.

The action is brought under a statute which declares: "The stockholders of every corporation, other than railroad corporations, shall be personally liable to an amount equal to the stock owned by them respectively in such corporation for all debts which may be due and owing to its clerks, servants and laborers for services performed for such corporation, but not exceeding six months service in any one case." R. S. sec. 1769. The new plaintiffs, as well as the original plaintiffs, respectively, either performed services for the corporation as such clerks, servants, and laborers, or were the assignees and owners of claims for services performed for the corporation by such clerks, servants, and laborers. There can be no question but that such claims are assignable. *Day v. Vinson*, 78 Wis. 198. This court has repeatedly held, in effect, that an action to enforce a statutory liability against the stockholders of an insolvent corporation should be in equity and on behalf of one or more plaintiffs and all other creditors having similar claims, against all such stockholders, and also against the corporation unless it has been dissolved or its assets wholly exhausted. *Sleeper v. Goodwin*, 67 Wis. 588, and cases there cited. This rule was sanctioned by this court as early as *Coleman v. White*, 14 Wis. 700. It seems to be in harmony with the statute which declares: "When the question is one of a common or general interest of many persons, or when the parties are very numerous and it may be impracticable to bring them all before the court, *one or more may sue or defend for the benefit of the whole.*" R. S. sec. 2604. This statute has been construed as merely re-enacting the rules which prevailed in equity, and which otherwise might have been held to be abolished by the Code. Barb. Parties, 50, 51. It is there said: "When the question involved is one of common or general interest, the action may be

brought by one or more for the benefit of all who have such common or general interest, without showing that the parties are very numerous or that it would be impracticable to bring them all before the court." This rule applies in equity to a variety of cases. 1 Van Santv. Eq. Pr. 76; *Mc-Kinzie v. L'Amoureux*, 11 Barb. 516; *Hammond v. H. R. I. & M. Co.* 20 Barb. 378. Whenever there are numerous persons merely having "a common or general interest," then they *may* join as parties plaintiff; but if they are all "united in interest," then they *must* so join. *Ibid.* In the case at bar, it is manifest that the several claimants merely have such "common or general interest."

It is said by a very learned author on Code Pleading: "There are cases in which a suit cannot be maintained in the name of the judgment creditor alone, but must be for himself and for the benefit of all other creditors who may come in, etc. This is applicable to all cases where, by statute or otherwise, no preference can be given, but the fund is applicable to all creditors *pro rata*, as in cases of proceedings against insolvent manufacturing companies or other insolvent corporations." 2 Van Santv. Eq. Pr. 134. The same learned author says: "When the complaint is on behalf of the creditor who is plaintiff, and all others who may come in and contribute, etc., such other creditors are allowed to come in at any time, either before or after judgment, until the fund is actually distributed and paid out." Id. 154. In *Wilder v. Keeler*, 3 Paige, 164, it was held that: "Under a decree upon a creditor's bill, for the creditors to come in and prove their demands, *it is a matter of course* to permit a creditor to come in and prove his debt *at any time before* the fund is actually distributed and paid out, upon his showing a sufficient excuse for not coming in before the master, and upon payment of all costs produced by the delay." The fact that such action is commenced in behalf of the parties named as plaintiffs, and others not named,

does not prevent the plaintiffs who are named from receiving payment or satisfaction of their respective claims, or discontinuing their suit at any time before there has been a decree therein for the benefit of those named and the others not named. *Innes v. Lansing,* 7 Paige, 583. In that case it was expressly held that: " The filing of a bill by one creditor in behalf of himself and others will not prevent another creditor from filing a similar bill previous to a decree in the first suit. But as 'soon as a decree is obtained in either suit, for the benefit of all the creditors, the proceedings in all other suits may be stayed, if no other relief can be obtained in such other suits than could be had under the decree already made." In a more recent case in the highest court of the same state, it is said that: "In such a suit, when an order or decree for an accounting is once made, under which all creditors are authorized to come in and present their demands, it operates as an interlocutory judgment in favor of each and every creditor of the fund, whether he actually comes in or not, as effectually as if he had been named and had appeared as a party; and after such an order is made no other creditor will be allowed to bring or to proceed with a separate suit for relief, but he must prove his claim and seek his relief in that suit." *Kerr v. Blodgett,* 48 N. Y. 67. To the same effect, *Travis v. Myers,* 67 N. Y. 542; *Attorney General v. Guardian Mut. Life Ins. Co.* 77 N. Y. 277.

From the authorities cited, it follows as a logical sequence that the order adding new parties is in no way prejudicial to any of the defendants, but on the contrary may save them from the annoyance of a separate suit involving questions in which all such claimants have a common or general interest. Because the appellants are in no way aggrieved by the order of the circuit court of October 4, 1893, the same is hereby affirmed.

*By the Court.*— Order affirmed.

CASSODAY, J.   In *Day* and others, Respondents, *vs. Buckingham* and others, impleaded with the Kakagon Iron Mining Company and others, Appellants, the facts are substantially the same as in the case against the Nimikon Iron Mining Company (*Day v. Buckingham, ante,* p. 215), decided herewith.

For the reasons given in the opinion filed in that case, the order of the circuit court in this case is affirmed.

CASSODAY, J.   In *Day* and others, Respondents, *vs. Pierce* and others, impleaded with the Bessemer Mining Company and others, Appellants, the facts are substantially the same as in the case against the Nimikon Iron Mining Company (*Day v. Buckingham, ante,* p. 215), decided herewith.

For the reasons given in the opinion filed in that case, the order of the circuit court in this case is affirmed.