BRAGG, Respondent, vs. BLEWETT, imp., Appellant.

*March 28 — April 12, 1898.*

*Appeal, parties to.*

1. B. assigned to E. a judgment owned by him, in trust to pay his indebtedness to E. and to some other creditors. E. commenced a creditor's action, making B. and the debtor in such judgment and others parties defendant. A receiver appointed in that action sued H. and others to foreclose a mortgage acquired by him as such receiver, making B. a party. Orders were afterward made in both actions ratifying the report of the receiver and discharging him and his bondsmen. *Held,* that B. could not, by a notice of appeal entitled in the creditor's action, appeal from both orders, but the appeal in the action against H. must be dismissed.

2. In the creditor's action brought by E. the defendant B. suffered judgment by default, and the suit was afterward settled between the plaintiff and the only defendant having any interest therein, and the report of the receiver who carried the settlement into effect was approved, and he and his bondsmen discharged. *Held,* that the defendant B. was not "aggrieved" within the meaning of sec. 3048, R. S. 1878, and could not appeal from the order.

APPEAL from orders of the circuit court for Fond du Lac county: N. S. GILSON, Circuit Judge. *Appeal dismissed.*

The facts in the case are fully stated in the opinion.

*E. Blewett,* appellant, *in pro. per.,* argued, among other things, that a receiver is an officer of the court and directly responsible to it, and neither the plaintiff nor the defendant, nor any other person, can deprive the court of its possession or control of the property involved. *Neeves v. Boos,* 86 Wis. 318; *Mechanics' Nat. Bank v. Landauer,* 68 id. 49; *Ahlhauser v. Doud,* 74 id. 413. A receiver will not be discharged from his trust without a special order to be obtained upon the written consent of all the parties interested in the funds in his hands, or for cause shown upon due notice of the application. Circuit Court Rule XXVIII, sec. 2. He will not be discharged upon application of the party at whose instance he was appointed, when the interests of others are involved. High, Receivers, § 837; *Fay v. Erie & K. R. Bank,* Harrington (Mich.), 194; *Bainbridge v. Blair,* 3 Beav. 421; *Largan v. Bowen,* 1 Sch. & Lef. 296. An appeal will lie from an order settling the receiver's accounts and discharging him. High, Receivers, § 819*b; Honey v. McDonald,* 109 U. S. 150; *Collins v. Case,* 25 Wis. 653.

*Edward S. Bragg,* respondent, *in pro. per.*

CASSODAY, C. J. Early in 1890 the defendant *Edmund Blewett* commenced an action against the defendant James Gaynor. James Gaynor therein claimed that his brother, the defendant Patrick Gaynor, was interested with *Edmund Blewett* in the cause of action, and Patrick Gaynor was thereupon made a co-plaintiff in that action. On March 31, 1890, a judgment for $8,114.50 was recovered against James Gaynor in the circuit court for Winnebago county in that action, which judgment was duly docketed in the clerk's office of that county April 3, 1890. A transcript thereof was duly docketed in the clerk's office of Fond du Lac county. On

July 19, 1890, two several executions were duly issued upon said judgment, one to the sheriff of Fond du Lac county, and the other to the sheriff of Winnebago county. Each of said executions was duly returned *nulla bona.* Said judgment was taken to this court on appeal, and affirmed. *Blewett v. Gaynor*, 77 Wis. 378.

On the same day that that judgment was rendered in the circuit court — March 31, 1890 — the defendant *Edmund Blewett*, for a good and valuable consideration, by an instrument under his hand and seal, did sell, transfer, and assign to the plaintiff, *Edward S. Bragg*, in trust, the said judgment, with such costs as should be taxed and made a part thereof, for the uses and purposes following, to wit: (1) The payment of the costs and disbursements of that action, with all the attorney fees, costs, and disbursements, together with all counsel fees and charges due and owing for services, etc., rendered in that and in kindred actions of foreclosure by Mrs. Gaynor, of replevin by Pat Gaynor and by himself, *Edmund Blewett*, against John Weiner; (2) the payment to persons thereinafter named such sums as he might be owing, which was therein stated opposite their names as nearly as he was then able to state the same, viz.: To Thomas Blewett, $2,500; F. F. Duffy, $160; First National Bank of Fond du Lac, $300, or to the indorsers, in case they paid the same; to Henry Kuicks, $150; Mrs. Murphy, $100; Thomas Weeks, $50; Burns Bros., $50; W. S. Russell, $50; and Hughes and Otis, $175. In case the money received should not be sufficient to pay such debts in full, the same was to be applied to them ratably, share and share alike. Out of the proceeds, if any remained, the trustee was to pay the wife of *Edmund Blewett* the sum of $1,400 in payment for forty acres of land in Oakfield, belonging to her, and included in a mortgage to Mary Gaynor for his benefit, the balance of such judgment, if any, to be paid to said *Blewett*.

On the same day *Edward S. Bragg*, by an indorsement

thereon, accepted such trust, and agreed to discharge the same to the best of his ability.

This creditors' suit was commenced in December, 1890, against James G. Gaynor, Patrick Gaynor, *Edmund Blewett*, and others, and the summons and complaint were duly served on the defendant *Edmund Blewett*, who appeared in the action, but made no answer nor defense, and suffered default. Due service of the summons was made on the other defendants. At the time of the rendition of said judgment Patrick Gaynor was merely a nominal party thereto, and had no interest therein, nor in the moneys secured thereby, but the same was the sole property of *Edmund Blewett*, who had good right to convey, satisfy, or assign the same. Patrick Gaynor had no authority to satisfy said judgment in whole or in part, as he did November 10, 1890.˙ He received no compensation or consideration for any such discharge or satisfaction, and the same was without authority, and colorable merely, to hinder and delay the collection of said judgment in the interests of James Gaynor, with whom he was in fraudulent collusion. No partnership ever existed between *Edmund Blewett* and Patrick Gaynor, as alleged in Patrick Gaynor's answer, nor in any manner whatever. Said judgment was never a partnership asset or partnership property. Patrick Gaynor has had no interest therein, and no claim, demand, or right to the same, or to any part thereof, or to an account therefor, or for any part thereof.

At the time of the commencement of this action there was justly due to the plaintiff, *Edward S. Bragg*, for his professional services for and on behalf of *Edmund Blewett* in and about the suits mentioned, $2,500, and to the defendant Thomas W. Spence for like services in such suits, $1,200.

As conclusions of law the court, among other things, found that the assignment by *Edmund Blewett*, mentioned, passed the title to said judgment and the moneys due thereon, together with the right to bring suit and take all the neces-

sary remedies required to enforce and collect the same in his own name, to the plaintiff, *Edward S. Bragg*, as trustee of an express trust, free and clear of all and every claim thereon, except as specified in such assignment; that Patrick Gaynor had no right to satisfy said judgment, or any part thereof, and the same was fraudulent and void, and of no effect or validity whatever; that the plaintiff was entitled to a receiver according to the prayer of his complaint, who was therein required to execute and file a bond in the penal sum of $20,000, conditioned according to law, with three sureties to be approved by the judge; that such receiver should have and exercise all the powers of a receiver in a court of equity, and especially the powers and duties conferred upon him by the judgment in this action.

Upon such and other findings a judgment was entered in favor of the plaintiff and against the defendants, in which it was, among other things, adjudged and decreed that Gaines A. Knapp, of Fond du Lac, be, and he was thereby, appointed a receiver of all the property, debts, credits, and effects of the said James Gaynor, and charged to carry out and execute the decree; and the receiver so appointed gave the requisite bond, and qualified, and entered upon the duties of his office. From such judgment the defendants Patrick Gaynor, Helmer, and Chapman appealed to this court, and such judgment was in all things affirmed by this court. *Bragg v. Gaynor*, 85 Wis. 468–492.

The receiver so qualified August 12, 1892. April 17, 1895, the defendant James Gaynor and the plaintiff, *Edward S. Bragg*, entered into an agreement and stipulation to the effect that, the subject matter of the action having been amicably adjusted between the parties in interest thereto, it was thereby stipulated by and between them that Gaines A. Knapp be discharged from all further relation to the action and to the decree therein, without claim or liability on their part, either individually or jointly, against him, by

reason of any act done or moneys received by him as such receiver, and thereby gave their consent and promise that the bond given by him as such receiver, and also the bond given by him as receiver in the action of Knapp against Helmer et al., to collect rents and care for the property, be discharged and surrendered without any liability or claim thereon; and they thereby requested the court to enter the order to carry into effect such agreement between them. On the petition of *Edmund Blewett* the trial court, October 29, 1896, ordered such receiver to report to the court.

On November 30, 1896, he made his detailed and verified report, to the effect that he had made sundry collections; that he had caused two suits for foreclosure to be commenced against Helmer, together with a large number of other defendants having or claiming to have liens, claims, or incumbrances on the mortgaged premises, which were necessary to be adjudicated and determined, so that a sale could be had of the mortgaged premises free and clear of incumbrances; that both of such actions were transferred from the Fond du Lac circuit court to the United States circuit court upon petition of nonresident defendants, August 30, 1893; that the receiver employed counsel to conduct such foreclosure proceedings to enforce such judgment, in which he was commissioned and empowered to bring such foreclosure proceedings; that February 9, 1894, by the judgment of the United States circuit court, said causes were remanded to the circuit court for Fond du Lac county; that March 6, 1894, judgment was rendered in the circuit court for Fond du Lac county in favor of the receiver, as plaintiff, and against Helmer and other defendants, as follows: In one of the cases, for principal, interest, solicitor's fees, and taxed costs, $8,889.33; in the other case, for principal, interest, solicitor's fees, and taxed costs, $3,293.22; that March 7, 1895, he caused the property to be noticed for sale April 18, 1895, upon each of such foreclosure judgments; that the time fixed for such sale

was the next day after such settlement between the plaintiff and James Gaynor; that there was paid to him on account of the mortgage of Chapman charged in the decree, moneys to the amount of $3,426, which was the whole amount charged with the payment of plaintiff's judgment in this action; and that he gave receipts therefor, and executed and delivered satisfaction *pro tanto* of the Chapman mortgage; that he disposed of and paid out the moneys so received as follows: To the plaintiff, *Edward S. Bragg*, in the aggregate, $3,257.54; that he retained to apply on costs of executing judgment, $142.72; that in pursuance of the adjustment and settlement between James Gaynor and the plaintiff, *Edward S. Bragg*, he had given receipts, releases, etc., and paid over moneys and made transfers to carry out and complete such settlement.

On December 16, 1896, an order was entered by the court in this action, wherein and whereby it was ordered and adjudged that the report of the receiver be, and the same was thereby, ratified and approved by the court, and the bond filed by him be, and the same was thereby, satisfied and discharged, and that the receiver and his sureties be discharged from all and every liability thereon, and that said Knapp be, and he was thereby, discharged of and from all liability by reason of any act of his in performance of his duty as such receiver.   December 16, 1896, an order was entered by the court in the action of said Knapp, receiver, against Helmer and others, wherein and whereby it was ordered and adjudged that the bond given by the receiver in that action be, and the same was thereby, discharged, and the said Knapp was thereby discharged of and from all liability on such bond, or by reason thereof, and of and from all liability by reason of any act done under and by virtue of the appointment of him as such receiver.

Thereupon the defendant *Edmund Blewett*, by a notice entitled in this action, appealed from each of said orders so

entered December 16, 1896, and from the whole and every part of each of said orders.

We are not aware of any adjudication in this or any other court authorizing the defendant *Edmund Blewett* to appeal from the order approving the receiver's report in this case, and discharging him, and in and by the same notice also appeal from an order made in another action between entirely different parties, and to which he is not a party. Such a practice cannot be tolerated. The appeal from the order in the case of Knapp, receiver, against Helmer et al. must be dismissed. As indicated, the defendant *Edmund Blewett* was the sole owner of the judgment which was the basis of this action, and he assigned all his right, title, and interest therein to the plaintiff, *Edward S. Bragg*, in trust for the uses and purposes therein mentioned, before this creditors' suit was commenced. Although he was a defendant in this suit, and appeared therein, yet he made no answer, and suffered judgment by default. April 17, 1895, this suit was settled by the plaintiff and the only defendant having any interest. The receiver carried such settlement into effect, and the trial court confirmed and approved the same. The defendant *Edmund Blewett* is in no position to call the receiver to account in this action, nor to appeal from the order approving his report. The receiver was bound to carry into effect the judgment by which he was appointed. There is nothing in that judgment requiring him to pay anything to *Edmund Blewett*. If the plaintiff has failed to execute the trust imposed in him by the assignment to him by *Edmund Blewett*, then his remedy is against the plaintiff in some appropriate action or proceeding; but he is not aggrieved by reason of the receiver having paid money into the hands of the trustee appointed by himself. It is well settled in this state that an appeal cannot be taken by a party who is not "aggrieved." R. S. 1878, sec. 3048; *McGregor v. Pearson*, 51 Wis. 122; *Eureka Steam Heating*

*Co. v. Sloteman,* 67 Wis. 126; *Shabanaw v. C. C. Thompson & Walkup Co.* 80 Wis. 621; *Day v. Buckingham,* 87 Wis. 219.

*By the Court.*— The appeal from both orders of the circuit court is dismissed.