AMERICAN FOOD PRODUCTS COMPANY, Respondent, vs. WIN-
TER, imp., Appellant.

*November 15—December 5, 1911.*

*Appeal: Who may take: Parties: Special proceedings: Adverse ex-
amination: Officer of corporation.*

An action having been brought against several corporations and
an officer thereof, a petition of the latter for the suppression
of a proposed examination of him under sec. 4096, Stats. (Laws
of 1909, ch. 84), was granted so far as it sought to suppress
such examination of him as a personal defendant, and the ac-
tion was dismissed as to him, but the order permitted his ex-
amination as an officer of the corporations. *Held* that, the ac-
tion having been dismissed as to him, such officer was no
longer a party thereto and had no right of appeal on that
ground; while if the order be deemed to be one made in a
special proceeding instituted by him, he is not an aggrieved
party and therefore cannot appeal.

APPEAL from an order of the circuit court for Milwaukee
county: J. C. LUDWIG, Circuit Judge. *Dismissed.*

In this action *A. G. Winter,* Marsden Company, a corpora-
tion, American Milling Company, a corporation, and Ameri-
can Milling Company, a consolidated corporation, were
named as defendants. A summons, notice, and affidavit for
examination under sec. 4096, Stats. (Laws of 1909, ch. 84),
before issued joined, and a *subpœna duces tecum* to *Winter,*
the appellant, were issued and served, as appellant claims,
upon him only, and, as plaintiff claims, upon American Mill-
ing Company as well. The appellant presented to the circuit
court a petition and amended petition to have the proposed
examination suppressed and denied, the subpœna suppressed,
and the action dismissed as to him. The American Milling
Company (in which the Marsden Company and the former
American Milling Company are now merged and consoli-
dated) presented to the circuit court its petition and amended

petition to set aside the alleged service of the summons upon itself and the former corporations so merged and consolidated into it.

The court ordered, first, that the petition of the appellant, in so far as it sought to suppress and deny the examination of the appellant as a personal defendant, be granted, and that the action as to him be dismissed; and second, that the petition of the American Milling Company to set aside service upon it be denied. The order permits the examination of the appellant, not as a defendant, but as an officer of the defendant corporations. *A. G. Winter* appeals from the order in so far as it denies and fails and omits to grant his petition praying for the suppression and denial of his examination as an officer of the defendant corporations or any of them, and from that portion of said order which denies and fails and omits to grant his said petition. No appeal having been taken on behalf of the plaintiff, the order dismissing the action as to appellant is conclusive.

For the appellant there were briefs by *Miller, Mack & Fairchild,* and oral argument by *E. S. Mack.*

For the respondent there was a brief by *W. A. Hayes,* attorney, and *W. F. Thiel,* of counsel, and oral argument by *Mr. Thiel.*

KERWIN, J. The contentions of the appellant are (1) that there is no action properly pending against the appellant personally; (2) no service of the summons has ever been made upon any other defendant, therefore there was an attempt to examine the appellant in the absence of due commencement of an action; (3) even assuming service upon defendant American Milling Company, there can be no cause of action against that company arising out of the transaction referred to in the affidavit maintainable in Wisconsin; (4) that the plaintiff is not entitled to examination for the reason that it now has all the information required in order to plead, and

that the subpœna, in so far as it calls for the production of books and documents, should have been suppressed, and that to require appellant to remain within the state for examination under the facts of the case, or require him, a nonresident, to produce papers within the state which it would be necessary for him to go out of the state and bring back, would violate sec. 1, Amendm. XIV, Const. of U. S.

Many questions are discussed upon this appeal which in our view of the matter are wholly immaterial and unnecessary to be considered. It is conceded upon the record that the action against the appellant has been dismissed, and he only appears in the record as an officer of the defendant corporations for examination as such. Whether there was a valid service upon the defendant corporations or not we think unnecessary to consider upon this appeal. The appellant clearly is not a party after the action had been dismissed as to him, therefore had no right of appeal on that ground. But it is argued by appellant that the order is an order in a special proceeding, and the appellant having instituted such proceeding has a right to appeal from the order. If it can be said that the appellant is a party to a special proceeding, he is not an aggrieved party, and only an aggrieved party can appeal. Sec. 3048, Stats. (1898); *State v. Wis. T. Co.* 134 Wis. 335, 113 N. W. 944; *Phipps v. Wis. Cent. R. Co.* 133 Wis. 153, 113 N. W. 456; *Voss v. Stoll,* 141 Wis. 267, 124 N. W. 89; *McGregor v. Pearson,* 51 Wis. 122, 8 N. W. 101; *Eureka S. H. Co. v. Sloteman,* 67 Wis. 118, 126, 30 N. W. 241; *Ackley v. Vilas,* 79 Wis. 157, 160, 48 N. W. 257; *Shabanaw v. C. C. Thompson & W. Co.* 80 Wis. 621, 50 N. W. 781; *Bragg v. Blewett,* 99 Wis. 348, 355, 74 N. W. 807; *Phipps v. Wis. Cent. R. Co.* 130 Wis. 279, 110 N. W. 207.

The court below refused to quash the service on defendant corporations and the *subpœna duces tecum,* and of this the appellant cannot complain on this appeal. But it is said the appellant may be prejudiced by the fact that he is required

to attend as a witness and may be compelled to go beyond the state to procure books and documents and return with them and testify. But no such order has yet been made. The appellant is neither a party to the action nor aggrieved by the order.

We think the order is not appealable.

*By the Court.*—Appeal dismissed.