HERNDON, Respondent, vs. BOCK, Appellant.

*October 28 — November 16, 1897.*

*Appeal, right of: Judgment of lien.*

Where the defendant in ejectment did not, in that action, counterclaim for taxes paid and improvements made by him, but, after being defeated, brought an independent action therefor under subd. 3, sec. 3097, R. S., against one to whom the plaintiff in ejectment had conveyed the land, and who at the time held the record title but in fact had no interest or title in it, and by his answer disclaimed any, *held*, that a judgment that the plaintiff had a lien upon such land to a specified amount and that he recover a certain amount for costs, and that both sums be adjudged a lien upon the land superior to the claim of the defendant in that action and his assigns, and that the land be sold for the payment thereof, was simply a judgment of lien, and the defendant was not damnified nor aggrieved thereby and could not appeal from it.

APPEAL from a judgment of the circuit court for Grant county: GEO. CLEMENTSON, Circuit Judge. *Appeal dismissed.*

This is an action brought under subd. 3, sec. 3097, R. S., by the defeated defendant in ejectment to establish a lien upon the lands recovered in the ejectment action for improvements placed thereon by him, and taxes paid thereon

while he was in possession. The lands in question are forty acres of land in Grant county, and they were recovered by Catherine McCormick in an action of ejectment brought by her against *Herndon*, and the judgment was affirmed on an appeal to this court. 86 Wis. 449. In September, 1894, this action was commenced against *Bock*, as an assign of Catherine McCormick.

The complaint states that the plaintiff held the lands in question adversely, under color of title, for a number of years prior to the judgment in ejectment, and, while so holding, made permanent improvements thereon, and paid taxes thereon amounting to $638; that Catherine McCormick brought an ejectment action for said lands, and recovered judgment October 16, 1891, upon which execution was issued July 16, 1894; that Catherine McCormick quitclaimed the land to the defendant, *Bock*, July 5, 1886; and that *Bock* is now the owner of the same; wherefore he prayed a lien for such improvements and taxes. *Bock* answered, denying that he was or ever had been the owner of the lands, but that he took title thereto in 1886 only to indemnify him upon signing the appeal bond in the ejectment action, and that upon being relieved of his liability upon the bond in May, 1891, he conveyed the same by direction of Catherine McCormick to Messrs. Bushnell & Watkins, her attorneys, as security to them for their fees and charges in the ejectment action.

The action was tried by the court, but an advisory verdict was rendered by the jury, to the effect that (1) the plaintiff held the lands adversely by color of title, in good faith, from and after July 2, 1883; (2) while so holding, paid thereon $53.57, taxes; (3) and made permanent and valuable improvements thereon; (4) of the value of $500, on the 6th of October, 1891; (5) the owner should recover of *Herndon*, for rents and profits of the lands while occupied by him, $360. The court afterwards made findings in which

he adopted the verdict of the jury, and further found as. to the title of the defendant, *Bock*, that the facts were. truly set forth in the answer, namely, that *Bock* held title from July 5, 1886, to May 18, 1891, at which date he conveyed the same to Bushnell & Watkins, but that *Herndon* had no notice of such change of title up to the time of the commencement of this action, and that the deed to Bushnell & Watkins was never recorded.  As conclusions of law, the court found that *Herndon* had a lien upon the land for $197.57, and for the costs of the action, which lien was superior to the claim of *Joseph Bock* in said lands; and judgment was accordingly ordered "establishing the lien of the plaintiff, *John Herndon*, on said lands, and directing that said lands be sold to settle said lien and costs according to law."

In accordance with this finding, judgment was entered adjudging that *Herndon* had a lien upon the premises described in the complaint for $197.57; that he also have and recover the costs of the action, taxed at $77.24; and that both said sums are adjudged a lien upon the land, describing it, superior to the claim of *Joseph Bock* thereon, and also to that of his grantees and assigns; further, that the premises be sold at auction for the payment of such lien and costs.  From this judgment, *Bock* appeals.

For the appellant there was a brief by *Bushnell, Watkins & Moses*, and oral argument by *R. A. Watkins* and *A. R. Bushnell*.

For the respondent there was a brief by *Cleary & Cleary*, and oral argument by *T. L. Cleary*.

WINSLOW, J.  The plaintiff was entitled to recover of Catherine McCormick or her assigns the value of his improvements made and taxes paid upon the lands of which he was dispossessed in the ejectment action, provided he had held the lands adversely, under color of title, in good

faith, founded on descent or some written instrument, and to have the same declared a lien upon the lands recovered. R. S. sec. 3096. The plaintiff chose to exercise this right by independent action, under subd. 3, sec. 3097, R. S., and not by way of counterclaim or petition after verdict in the ejectment action. He brought this action, as appears conclusively and without dispute, against one who then had and now has no interest or title in the land, and who disclaimed any interest by his answer. The action resulted in a judgment declaring the plaintiff entitled to a lien for a certain amount and costs upon the land, and nothing further. As we construe the judgment, there is no personal recovery against the defendant, even for costs; it is simply a judgment of lien. The defendant had no title to the land or interest in it. Therefore it is plain that he is not damnified or aggrieved by the judgment. If it is a lien on the land, it does not concern him in the least. In a word, the defendant has no interest in the controversy, and no judgment has been rendered against him, and hence he cannot appeal. *McGregor v. Pearson*, 51 Wis. 122.

